## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

JANE DOE,

     Plaintiff,

     v.

MASSACHUSETTS DEPARTMENT OF
CORRECTION; THOMAS A. TURCO III;
SEAN MEDEIROS; JAMES M. O'GARA JR.;
and STEPHANIE COLLINS,

     Defendants.

Civil Action No. 17-12255

## **COMPLAINT**

1.    Plaintiff Jane Doe is a transgender woman incarcerated at the Massachusetts Correctional Institution located in Norfolk ("MCI-Norfolk").  Jane Doe brings this lawsuit against Defendants the Massachusetts Department of Correction ("DOC"); Commissioner Thomas A. Turco III; MCI-Norfolk Superintendent Sean Medeiros; Americans with Disabilities Act Coordinator James M. O'Gara Jr.; and Assistant Deputy Commissioner of Clinical Services Stephanie Collins.

2.    Jane Doe suffers from Gender Dysphoria, a rare but serious medical condition and disability.

3.    The standard of care for treatment of Gender Dysphoria, established by the World Professional Association for Transgender Health ("WPATH"), the American Medical Association ("AMA"), the American Psychological Association ("APA"), and other major medical and mental health professional organizations, is to live consistently with one's gender identity through counseling, hormone therapy, gender reassignment surgery, and the social and legal transition to the sex associated with a person's gender identity.

4.      Jane Doe has long ago undergone the process of gender transition and is a woman.

5.      To avoid debilitating psychological dysfunction and distress, Jane Doe must be able to live consistently with her female gender identity, like other women.  Rather than support Jane Doe's female identity, and in direct contravention of established treatment recommendations, Defendants have undermined Jane Doe's ability to live as a woman, have punished her for attempting to do so, and have refused to provide reasonable accommodations for her diagnosed condition. They have traumatized her by forcing her to live in a male correctional facility, subjecting her to strip searches by male correctional officers, forcing her to shower in view of male prisoners who inappropriately comment on her female breast development and otherwise harass her, and refusing to address or refer to her using female pronouns.

6.      In short, Jane Doe is a woman being forced to eat, sleep, shower, and live with men and without appropriate, reasonable accommodations that she needs for treatment of her Gender Dysphoria.

7.      Jane Doe therefore brings claims for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"); the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*; the Civil Rights Act, 42 U.S.C. § 1983; the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and the equality and due process guarantees secured by Part 1, Articles I and VII, among others, of the Massachusetts Constitution; and Articles 106 and 114 of the Massachusetts Constitution.  Jane Doe seeks injunctive relief, attorneys' fees, and all other appropriate relief.

## JURISDICTION

8.      This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331,

2

1343, and 1367.  Many of Jane Doe's claims arise under federal law, including the ADA, 42

U.S.C. § 12101 *et seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*; the Civil Rights

Act, 42 U.S.C. § 1983; and the Fourteenth Amendment to the United States Constitution.

9.      Venue is proper in this district under 28 U.S. § 1391.

## PARTIES

10.     Jane Doe is incarcerated at MCI-Norfolk.  Jane Doe has been held at this facility

since October 31, 2016.

11.     Defendant DOC is a department of the Commonwealth of Massachusetts.  Its

central headquarters is located at 50 Maple Street, Suite 3, Milford, MA 01757.

12.     Defendant DOC is a state government agency and therefore a public entity within

the meaning of the ADA.

13.     Defendant DOC at all relevant times was a recipient of federal financial assistance

and therefore subject to the Rehabilitation Act.

14.     Defendant Thomas Turco was at all relevant times the Commissioner of the DOC

and responsible for the overall administration of DOC correctional facilities, including MCI-

Norfolk, as well as the training of all DOC correctional officers.  This suit is brought against

Defendant Turco in his official capacity.

15.     Defendant Sean Medeiros at all relevant times was the Superintendent of MCI-

Norfolk and responsible for the day-to-day administration of MCI-Norfolk.  This suit is brought

against Defendant Medeiros in his official capacity.

16.     Defendant James M. O'Gara Jr. at all relevant times was the ADA Coordinator

and responsible for reviewing and rendering decisions on appeals arising from the denial of a

request for reasonable accommodations.  This suit is brought against Defendant O'Gara in his

official capacity.

3

17.     Defendant Stephanie Collins at all relevant times was the Assistant Deputy Commissioner of Clinical Services and responsible for the provision of health services to all DOC prisoners.  This suit is brought against Defendant Collins in her official capacity.

## FACTUAL ALLEGATIONS

### Gender Dysphoria & Treatment

18.     Gender Dysphoria, as defined by the Fifth Edition of the Diagnostic and Statistical Manual of Mental Disorders ("DSM-V"), is a medical condition in which there is a marked incongruence between one's experienced or expressed gender and one's assigned sex at birth, lasting for at least 6 months and manifested through at least two of the following symptoms:

    a.   A marked incongruence between one's experienced/expressed gender and primary and/or secondary sex characteristics.

    b.   A strong desire to be rid of one's primary and/or secondary sex characteristics because of a marked incongruence with one's experienced/expressed gender.

    c.   A strong desire for the primary and/or secondary sex characteristics of the other gender.

    d.   A strong desire to be of the other gender (or some alternative gender different from one's assigned gender).

    e.   A strong desire to be treated as the other gender (or some alternative gender different from one's assigned gender).

    f.   A strong conviction that one has the typical feelings and reactions of the other gender (or some alternative gender different from one's assigned gender).

19.     A person with Gender Dysphoria experiences clinical distress from having a

4

gender identity – an internalized sense of being male or female – that is different than his or her assigned sex and gender at birth.

20.     Gender Dysphoria is associated with high levels of stigmatization, discrimination, and victimization.  The isolation of and discrimination experienced by someone with Gender Dysphoria often leads to negative self-esteem, increased risk of mental disorders, and comorbidity, i.e., suffering from another disease or disorder.

21.     Individuals suffering from Gender Dysphoria often experience severe psychological harm and suffering, including anxiety, depression, and/or thoughts of suicide.

22.     Gender Dysphoria is, however, highly treatable.

23.     Treatment protocol for Gender Dysphoria, as recommended by the APA, includes "counseling, cross-sex hormones, gender reassignment surgery, and social and legal transition to the desired gender."   Going through a "gender transition" or "transition" is the medical process of changing one's body from that typically associated with his or her assigned sex at the time of birth (in Jane Doe's case – male) to that typically associated with the person's gender identification (in Jane Doe's case – female).

**Jane Doe's Personal History and Gender Dysphoria Diagnosis**

24.     Jane Doe was born on December 25, 1964, in Puerto Rico.  Her friends and family know her by her chosen female name, call her by that name, and have done so since she was a young child.

25.     Although she was assigned male at birth, Jane Doe understood herself to be female at a very young age.  Being treated as a boy, she experienced serious emotional and mental health issues.  When she was a teenager, she saw a doctor about these issues and explained the incongruity that she felt being forced to live as a boy but feeling very much like a

5

girl.

26.     Her doctor ultimately diagnosed Jane Doe with Gender Identity Disorder, or

transsexualism.  In 2013, the DSM-V replaced Gender Identity Disorder with Gender Dysphoria.

27.     For her care and treatment, her doctor recommended that she undergo "gender

transition."  As part of that transition, Jane Doe went through the process of social role transition

and medical transition, including hormone therapy – which she has received for nearly four

decades.

28.     As a result of this gender transition and apart from her mistreatment by DOC,

Jane Doe is a woman and, as such, had been able to live fully and consistently with her female

identity prior to her DOC incarceration.

29.     Indeed, Jane Doe's status as a woman is acknowledged and affirmed by her

Massachusetts Identification Card, and Jane Doe is now in the process of obtaining a court-

issued judgment recognizing her legal name change to a chosen female name.

**Jane Doe's Experience as a DOC Prisoner**

30.     Jane Doe entered the custody of the DOC at MCI-Cedar Junction in 2016 and was

subsequently transferred to MCI-Norfolk.  She is currently serving a three to four year sentence

for a nonviolent drug offense.  She is due to be released in November 2019 without discounting

for her good time in prison.

31.     Upon entering the DOC in 2016, Jane Doe told the DOC correctional officers that

she is a woman.  Jane Doe recalls conveying during her screening interview that she is a woman

and needs to be treated accordingly.  She also asked to be called by her chosen female name

instead of the male name she was given at birth.

32.     During her time at MCI-Norfolk, Jane Doe was initially assigned to a dormitory

setting, forced to live, sleep, shower and use the bathroom with dozens of men.  It was only after

outside advocacy that Jane Doe was moved to a single cell.

33.     Jane Doe suffers from profound harm to her mental and physical health, as any

woman would, because so many male DOC staff and officers and so many DOC prisoners can

see her naked.  During strip searches, which are always done by male correctional officers, DOC

staff routinely grope her breasts, causing her to feel ashamed and violated, and further

exacerbating her disorder.

34.     A 5-day lockdown at MCI-Norfolk months ago illustrates just how horrific DOC

strip searches can be for a female prisoner.  On or around June 19, 2017, DOC male staff

members approached Jane Doe's cell and told her to strip.  Jane Doe responded that she would

not take off her bra or underwear in front of male DOC staff.  DOC staff asked if she was

diagnosed with Gender Dysphoria.  She responded that she was, so the staff called their captain

to her cell.  The captain told Jane Doe that she would be placed in solitary confinement if she did

not fully strip.  Distraught, and believing that she could not psychologically handle being held in

solitary confinement, Jane Doe, sobbing, proceeded to strip.  Three DOC staff members – the

two male correctional officers and their male captain – watched as she did so.  Jane Doe was

forced to strip in front of her open cell door, which is on the third floor, thereby exposing her

naked body to at least a dozen male prisoners who gawked from outside, yelling taunts like "You

have some big, nice boobies!" and "I would like to see you spread like that in my room!"  Jane

Doe was forced to stand, cuffed and naked, for around 30 minutes before she was allowed to get

dressed.

35.     Showering is another source of trauma for Jane Doe.  When Jane Doe showers,

male prisoners crowd into the bathroom excitedly.  Jane Doe is forced to shower in terror of

being attacked by these men.  She is particularly fearful of men serving life sentences, because

she believes they view her as the only woman with whom they will ever have the opportunity to

have contact and thus target her.

36.     After one particularly traumatizing shower incident, during which Jane Doe had

to shower while men gawked at her from the tier above her while she showered, Jane Doe began

having difficulty sleeping.  She was able to sleep only three hours each night due to racing

thoughts, sadness, anxiety and distress caused by this incident.

37.     While she was housed in a different unit, Unit 3-2, Jane Doe was given separate

shower time with other transgender prisoners.  She is no longer afforded this reasonable

accommodation.

38.     Jane Doe discussed these incidents and her corresponding fear of showering under

unsafe conditions with DOC staff, who did nothing.  In response, Jane Doe's mental health

counselors repeatedly admonished her to be "proactive" and "advocate for herself."

39.     On more than one occasion, even when a private shower has been available and

designated for transgender women, Defendants have denied Jane Doe the right to use this shower

and forced her to shower along with male prisoners while these prisoners snickered and made

demeaning, hurtful, and denigrating comments about her.

40.     DOC provides what is known as a "PREA curtain" for transgender prisoners to

use during shower time.  The opaque section of the curtain, however, does not line up with Jane

Doe's body, so male prisoners can see most of her naked body, including her breasts.  And,

because some cells in her current housing unit do not have bathrooms, many DOC prisoners use

the bathrooms next to the shower area, allowing even more of them to see her naked during this

time.  Simply put, no curtain is sufficient to protect her privacy or safety while showering as long

ACTIVE/93216369.3

as men have access to the connected facility, as they regularly do.

41.    Jane Doe's inability to shower without the presence of men has exacerbated her Gender Dysphoria and disrupted her treatment.

42.    Although some DOC correctional officers refer to Jane Doe as female and properly use her name chosen female name, most do not.  Indeed, certain DOC correctional officers make a point of asserting that Jane Doe's anatomy is different than any other woman and repeatedly state that she is still a man – for no other reason than to harass and upset her.  They make comments to Jane Doe and other transgender prisoners, calling them "chicks with dicks" and "wannabe women."

43.    Corrections Officer Duszak, for example, regularly refers to Jane Doe as a Mister, and says things like, "Do you have a penis? Then you're still a man," knowing that doing so harasses and demeans Jane Doe.

44.    Jane Doe is also regularly verbally harassed and physically threatened by other DOC prisoners because she has Gender Dysphoria.  DOC prisoners have entered her cell to deride her and to try to physically force themselves on her, and prisoners often harass her sexually in the bathrooms, with the knowledge and tacit approval of DOC staff.  To avoid the threats and harassment, Jane Doe often skips meals at the food hall and avoids group activities. She is often afraid to leave her cell for fear of harassment and violence from DOC prisoners, staff, and correctional officers.  In short, her daily life activities are significantly impaired by Defendants' actions and inactions.

**Jane Doe's Gender Dysphoria Treatment Plan**

45.    Jane Doe was seen by DOC's contracted health care providers and diagnosed with Gender Dysphoria.

ACTIVE/93216369.3

46.     Upon her most recent admission to the DOC in 2016, Jane Doe explained her history of outpatient treatment for Gender Dysphoria to DOC medical staff. Specifically, during Jane Doe's Initial Mental Health Appraisal, conducted by Stephanie Wong, MA, on November 3, 2016, Jane Doe reported receiving treatment for Gender Dysphoria both during prior incarcerations as well as in the free world, at River Valley Counseling Center and Caring Health Center in Springfield, Massachusetts.

47.     During her Mental Health Comprehensive Evaluation on November 14, 2016, Jane Doe explained to Elizabeth Samson, LMHC, that she started wearing girls' clothing at school at a young age and began using her chosen female name and taking hormones in her teenage years.

48.     DOC medical staff obtained records of Jane Doe's mental health history to substantiate her claims and inform her treatment.  After reviewing Jane Doe's Appraisal, Evaluation, and community reports, DOC medical staff agreed on her GD diagnosis and developed an Initial Treatment Plan on December 12, 2016, to provide continuous treatment for her diagnosis.

49.     Jane Doe's initial Treatment Plan indicates that her "challenges" include "difficulties coping with gender dysphoria in a correctional setting."  Her "Target Symptoms" are "[l]iving and coping as a transgender female within the Department of Correction" and "gender dysphoria . . . *which has been exacerbated* while living in a prison setting." (emphasis added).

50.     Jane Doe's Treatment Plan states her long-term treatment goal to be to "learn effective coping skills to manage dysphoria associated with transgender identity."  Her short-term goals are to "[a]ppropriately advocate for [her]self" and to "obtain and use female canteen

items" available at the facility.

51.     Jane Doe's Treatment Plan also calls for her to have monthly one-on-one sessions with her Primary Care Clinician ("PCC"), for her treatment to be discussed at monthly Gender Dysphoria Supervision Committee meetings, and for her treatment plan to be reviewed every six months.

52.     After six months, Jane Doe's initial Treatment Plan was reviewed.  Jane Doe's "Treatment Plan Review," dated June 1, 2017, reasserts the same challenges, symptoms, and treatment goals as are stated in her initial Treatment Plan.

53.     The Treatment Plan Review includes Jane Doe's "response" to her treatment. Specifically, the Review states that Jane Doe attended all scheduled treatment sessions and engaged appropriately with her PCC, that she continued to effectively advocate for herself within the DOC, and that she utilized coping skills to help manage her incarceration.  In other words, Jane Doe is doing everything that she can according to her Treatment Plan to survive in an untenable and abusive situation.

54.     The Treatment Plan, however, falls woefully short of requiring the necessary accommodations Jane Doe needs to treat Gender Dysphoria.  Moreover, because the DOC has failed to implement her Treatment Plan – as insufficient as it is – and Defendants have continued their abuse and harassment, Jane Doe still experiences severe symptoms of Gender Dysphoria, i.e. anxiety, depression, and distress, all of which impair her major life activities at MCI-Norfolk.

**Jane Doe's Requests for Accommodations for Her Disability**

55.     Jane Doe requested a number of accommodations in order to prevent her from being discriminated against on the basis of her Gender Dysphoria diagnosis, to provide her with equal access to the programs and services of the DOC, and to ensure that she can meet the single

ACTIVE/93216369.3

most important treatment goal that she be supported and recognized as a woman.

56.    Jane Doe requested that Defendants fully respect and treat her as a woman.

57.    Jane Doe has requested that she be granted access to preventative healthcare including mammograms.

58.    Jane Doe has requested that DOC employees refer to her using the correct chosen female name and pronouns, including "she," "her," and "hers" instead of "he," "him," and "his."

59.    Jane Doe has requested that she be placed in DOC's female corrections facility known as MCI-Framingham.

60.    In the interim, Jane Doe has requested that Defendants allow only female correctional officers to perform strip searches on her; provide her with a separate shower time without the presence of men; and train DOC staff on how to appropriately accommodate, treat, and communicate with individuals with Gender Dysphoria.

**Defendants' Failure to Accommodate Jane Doe's Gender Dysphoria Diagnosis**

61.    Defendants have denied Jane Doe's reasonable requests for accommodation.

62.    She has made a classification request to be transferred to MCI-Framingham. Kristie Ladouceur, who handles transfers at MCI-Norfolk, told Jane Doe that she could not be transferred to the women's prison until she has genital surgery. Defendants, however, have yet to allow her to receive this surgery. By setting forth genital surgery as a precondition but refusing to provide it, Defendants have created an insurmountable barrier to Jane Doe's needed transfer.

63.    That said, while Jane Doe's treatment plan should include genital reconstructive surgery, it is not a precondition to her being recognized as a woman based on her Gender Dysphoria diagnosis.

ACTIVE/93216369.3

64.     Defendants have not met Jane Doe's reasonable request regarding training for DOC staff on how to accommodate, treat, and communicate with individuals with Gender Dysphoria.  DOC staff continue to be inadequately trained on how to deal with prisoners with Gender Dysphoria, and inadequately supervised in their dealings with Jane Doe, exacerbating many of the issues that she faces daily.

65.     Defendants have not met Jane Doe's reasonable request that she be addressed using her female name and female pronouns. Many DOC correctional officers continue to call her by the wrong name and masculine pronouns, exacerbating Jane Doe's disorder.

66.     Defendants have not met Jane Doe's reasonable request that strip searches of her be conducted only by female DOC correctional officers, and not male DOC correctional officers. She is a woman who is being routinely strip searched by male DOC correctional officers.  The impact on her is scarring, humiliating, demeaning, and physically and emotionally harmful.

67.     Defendants have not met Jane Doe's reasonable request regarding a separate showering time and appropriate showering curtain.  Instead, DOC prison staff often force Jane Doe to shower at the same time, and in the same bathroom, as male prisoners.

68.     Defendants also often force Jane Doe to change and use the toilet in front of male staff and prisoners.  When she attempts to cover the window of her cell door to achieve privacy, Defendants threaten her with disciplinary tickets.

69.     Defendants have not met Jane Doe's reasonable request regarding mammograms. Jane Doe was denied access to mammograms due to discrimination.  Defendants told her that if she wants mammograms, she should stop taking estrogen so she would not need mammograms. This reasoning is medically unreasonable and a pretext for discrimination against people with Gender Dysphoria and based on discriminatory stereotypes of transgender people.

## CAUSES OF ACTION

### COUNT ONE
### (ADA – Discrimination/Failure to Accommodate)

70.     Jane Doe incorporates by reference the preceding paragraphs of her Complaint as though fully set forth herein.

71.     Defendants violated the ADA, 42 U.S.C. § 12101, *et seq.*, by discriminating against Jane Doe on the basis of her disability. The discrimination includes:

a.      Refusing to transfer Jane Doe to MCI-Framingham, a women's correctional facility.  Defendants have refused the transfer even though Jane Doe is a woman and has a female gender identity.  Jane Doe has had no disciplinary problems at MCI-Norfolk and does not present a security risk;

b.      Refusing to train DOC staff on how to appropriately accommodate, treat, and communicate with individuals with Gender Dysphoria;

c.      Refusing to use her chosen female name when addressing or referring to Jane Doe;

d.      Refusing to use female pronouns when addressing or referring to Jane Doe;

e.      Allowing male correctional officers to perform strip searches on Jane Doe, knowing that Jane Doe is a woman, has a female gender identity, has undergone a gender transition, identifies and lives as a woman, and feels fearful and sexually violated when touched by male correctional officers;

f.      Forcing her to shower at the same time as male prisoners, with an inadequate shower curtain, knowing that Jane Doe is a woman, identifies

14

as a woman and experiences great discomfort in showering with men, and

that Jane Doe had been and would be subjected to humiliating, terrifying

and dangerous circumstances; and

  g.  Denying her access to preventative healthcare, including mammograms.

72.  Defendants violated the ADA by failing to provide her with the aforementioned reasonable accommodations.

73.  None of Jane Doe's requested accommodations "would materially impair the safe and efficient operation of the program, present a safety hazard to the individual inmate or staff, threaten the security of the correctional institution/facility, or would otherwise cause undue hardship in the operation of the institution/facility."  103 DOC 207.01.

74.  Nor would any of Jane Doe's requested accommodations "fundamentally alter the nature of [any] service, program, or activity."  28 C.F.R. § 35.130(b)(7).

75.  Defendants' actions and failure to accommodate Jane Doe's attempts to alleviate the stresses caused by her Gender Dysphoria have caused Jane Doe to suffer from depression, anxiety, and have impaired Jane Doe's ability to participate in basic life activities.

**COUNT TWO**
**(Rehabilitation Act – Discrimination/Failure to Accommodate)**

76.  Jane Doe incorporates by reference the preceding paragraphs of her Complaint as though fully set forth herein.

77.  Defendants violated the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* by discriminating against Jane Doe on the basis of her disability.

78.  Defendants' discriminatory actions and failure to accommodate Jane Doe's attempts to alleviate the stresses caused by her Gender Dysphoria have caused Jane Doe to suffer from depression, anxiety, and have impaired Jane Doe's ability to participate in basic life

15

activities.  Defendants' acts in violation of the Rehabilitation Act include:

    a.   Refusing to transfer Jane Doe to MCI-Framingham, a women's correctional facility.  Defendants have refused the transfer even though Jane Doe is a woman and has a female gender identity.  Jane Doe has had no disciplinary problems at MCI-Norfolk and does not present a security risk;

    b.   Refusing to train DOC staff on how to appropriately accommodate, treat, and communicate with individuals with Gender Dysphoria;

    c.   Refusing to use her chosen female name when addressing or referring to Jane Doe;

    d.   Refusing to use female pronouns when addressing or referring to Jane Doe;

    e.   Allowing male correctional officers to perform strip searches on Jane Doe, knowing that Jane Doe is a woman, has a female gender identity, has undergone a gender transition, identifies and lives as a woman, and feels fearful and sexually violated when being intimately touched by male correctional officers;

    f.   Forcing her to shower at the same time as male prisoners, with an inadequate shower curtain, knowing that Jane Doe is a woman, has a female gender identity, has undergone a gender transition, identifies and lives as a woman, and that Jane Doe had been and would be subjected to humiliating, terrifying and dangerous circumstances; and

    g.   Denying her access to preventative healthcare, including mammograms.

79.    Defendants' actions and failure to accommodate Jane Doe's attempts to alleviate the stresses caused by her Gender Dysphoria have caused Jane Doe to suffer from depression,

ACTIVE/93216369.3

anxiety, and have impaired Jane Doe's ability to participate in basic life activities.

**COUNT THREE**
**(Fourteenth Amendment of the U.S. Constitution – Equal Protection Clause)**

80.     Jane Doe incorporates by reference the preceding paragraphs of her Complaint as though fully set forth herein.

81.     Defendants, acting under color of state law, have violated Jane Doe's rights under the Equal Protection Clause of the 14th Amendment by impermissibly discriminating against Jane Doe on the basis of her sex, gender identity, transgender status, and disability.

82.     Defendants' actions have caused Jane Doe to suffer from depression, anxiety, and have impaired Jane Doe's ability to participate in basic life activities.

**COUNT FOUR**
**(Fourteenth Amendment of the U.S. Constitution – Due Process Clause)**

83.     Jane Doe incorporates by reference the preceding paragraphs of her Complaint as though fully set forth herein.

84.     The Due Process Clause of the Fourteenth Amendment prohibits state government from depriving individuals of their property or liberty interests without due process of law. The Due Process Clause of the Fourteenth Amendment requires, at a minimum, that government action have some rational basis.  Defendants' placement of Jane Doe in a men's correctional facility and disregard of the fact that she is a woman and has a female gender identity is irrational.  Defendants' treatment of Jane Doe also impermissibly burdens Jane Doe's fundamental rights to autonomy and privacy, including her right to live as a woman and consistent with her female gender identity. By disregarding Jane Doe's status as a woman and by disregarding her female gender identity as set forth above, Defendants have violated the Due Process Clause of the Fourteenth Amendment.

85.     Defendants' actions have caused Jane Doe to suffer from depression, anxiety, and

17

have impaired Jane Doe's ability to participate in basic life activities.

## COUNT FIVE
### (Massachusetts Constitution -  Pt. 1, Articles I and VII, among others)

86.     Jane Doe incorporates by reference the preceding paragraphs of her Complaint as though fully set forth herein.

87.     Defendants' placement of Jane Doe in a men's correctional facility and disregard of the fact that she is a woman and has a female gender identity is in violation of Jane Doe's rights, including her Due Process Rights, under the Declaration of Rights, Articles I and VII, among others, of the Massachusetts Constitution.

88.     Defendants' actions have caused Jane Doe to suffer from depression, anxiety, and have impaired Jane Doe's ability to participate in basic life activities.

## COUNT SIX
### (Massachusetts Constitution – Article 106)

89.     Jane Doe incorporates by reference the preceding paragraphs of her Complaint as though fully set forth herein.

90.     Defendants violated Article 106 of the Massachusetts Constitution by discriminating against Jane Doe on the basis of her transgender status, her gender identity and her sex.  Specific violations include:

a.  Refusing to transfer Jane Doe to MCI-Framingham, a women's correctional facility, even though Jane Doe is a woman and has a female gender identity. Jane Doe has had no disciplinary problems at MCI-Norfolk and does not present a security risk;

b.  Refusing to train DOC staff on how to appropriately accommodate, treat, and communicate with individuals with Gender Dysphoria;

c.  Refusing to use her chosen female name when addressing or referring to Jane

Doe;

d.   Refusing to use female pronouns when addressing or referring to Jane Doe;

e.   Allowing male correctional officers to perform strip searches on Jane Doe, knowing that Jane Doe is a woman, has a female gender identity, has undergone a gender transition, identifies and lives as a woman, and feels fearful and sexually violated when being intimately touched by male correctional officers;

f.   Forcing her to shower at the same time as male prisoners, with an inadequate shower curtain, knowing that Jane Doe is a woman, has a female gender identity, has undergone a gender transition, identifies and lives as a woman and experiences great discomfort in showering with men, and that Jane Doe had been and would be subjected to humiliating, terrifying and dangerous circumstances; and

g.   Denying her access to preventative healthcare, including mammograms.

91.    Defendants' actions and failure to accommodate Jane Doe's attempts to alleviate the stresses caused by her Gender Dysphoria have caused Jane Doe to suffer from depression, anxiety, and have impaired Jane Doe's ability to participate in basic life activities.

## COUNT SEVEN
### (Massachusetts Constitution – Article 114)

92.    Jane Doe incorporates by reference the preceding paragraphs of her Complaint as though fully set forth herein.

93.    Defendants violated Article 114 of the Massachusetts Constitution by discriminating against Jane Doe on the basis of her gender identity and her disability, Gender Dysphoria.  Specific violations include:

a.  Refusing to transfer Jane Doe to MCI-Framingham, a women's correctional facility.  Defendants have refused the transfer even though Jane Doe's gender identity is female, she has undergone a gender transition, and all of her acquaintances outside of MCI-Norfolk recognize and treat Jane Doe as a woman.  Jane Doe has had no disciplinary problems at MCI-Norfolk and does not present a security risk;

b.  Refusing to train DOC staff on how to appropriately accommodate, treat, and communicate with individuals with Gender Dysphoria;

c.  Refusing to use her chosen female name when addressing or referring to Jane Doe;

d.  Refusing to use female pronouns when addressing or referring to Jane Doe;

e.  Allowing male correctional officers to perform strip searches on Jane Doe, knowing that Jane Doe has a female gender identity, has undergone a gender transition, identifies and lives as a woman and feels fearful and sexually violated when being intimately touched by male correctional officers;

f.  Forcing her to shower at the same time as male prisoners, with an inadequate shower curtain, knowing that Ms. has a female gender identity, has undergone a gender transition, identifies and lives as a woman and experiences great discomfort in showering with men, and that Jane Doe had been and would be subjected to humiliating, terrifying and dangerous circumstances; and

g.  Denying her access to preventative healthcare, including mammograms.

94.  Defendants' actions and failure to accommodate Jane Doe's attempts to alleviate the stresses caused by her Gender Dysphoria have caused Jane Doe to suffer from depression,

ACTIVE/93216369.3

anxiety, and have impaired Jane Doe's ability to participate in basic life activities.

## COUNT EIGHT
### (42 U.S.C. § 1983 – Violation of Civil Rights)

95.     Jane Doe incorporates by reference the preceding paragraphs of her Complaint as though fully set forth herein.

96.     Defendants are "persons" under 42 U.S.C. § 1983 who acted "under the color of state law" and deprived Jane Doe of rights secured by the U.S. Constitution.  Specific violations include:

  a.  Refusing to transfer Jane Doe to MCI-Framingham, a women's correctional facility.  Defendants have refused the transfer even though Jane Doe's gender identity is female, she has undergone a gender transition, and all of her acquaintances outside of MCI-Norfolk recognize and treat Jane Doe as a woman.  Jane Doe has had no disciplinary problems at MCI-Norfolk and does not present a security risk;

  b.  Refusing to train DOC staff on how to appropriately accommodate, treat, and communicate with individuals with Gender Dysphoria;

  c.  Refusing to use her chosen female name when addressing or referring to Jane Doe;

  d.  Refusing to use female pronouns when addressing or referring to Jane Doe;

  e.  Allowing male correctional officers to perform strip searches on Jane Doe, knowing that Jane Doe has a female gender identity, has undergone a gender transition, identifies and lives as a woman and feels fearful and sexually violated when being intimately touched by male correctional officers;

  f.  Forcing her to shower at the same time as male prisoners, with an inadequate

ACTIVE/93216369.3

shower curtain, knowing that Ms. has a female gender identity, has undergone a gender transition, identifies and lives as a woman and experiences great discomfort in showering with men, and that Jane Doe had been and would be subjected to humiliating, terrifying and dangerous circumstances; and

g.   Denying her access to preventative healthcare, including mammograms.

97.   Defendants actions have caused Jane Doe to suffer from depression, anxiety, and have impaired Jane Doe's ability to participate in basic life activities.

## PRAYER FOR RELIEF

WHEREFORE, Jane Doe respectfully prays that this Court:

A.   Enter judgment in favor of Jane Doe against Defendants on each of the counts in this complaint;

B.   Issue injunctive relief against Defendants ordering Defendants not to discriminate against Jane Doe on the basis of her transgender status, her gender identity, her sex, and/or her disability, including but not limited to ordering them to:

(1)   Treat Jane Doe the same as other women held by the DOC;

(2)   Transfer Jane Doe to MCI-Framingham;

(3)   Train all DOC staff on how to appropriately accommodate, treat and communicate with individuals with Gender Dysphoria;

(4)   Discipline all DOC staff who fail to appropriately accommodate, treat and communicate with individuals with Gender Dysphoria;

(5)   Refer to Jane Doe by her chosen female name;

(6)   Use only female pronouns when speaking to or about Jane Doe;

(7)   Only allow strip searches of Jane Doe to be conducted by female correctional officers, never male correctional officers;

(8)     Provide Jane Doe a separate shower time without the presence of men and

with a shower curtain that adequately covers her; and

(9)     Provide Jane Doe access to preventative healthcare, including

mammograms.

C.     Award Jane Doe her reasonable costs and expenses of this action;

D.     Award Jane Doe's counsel reasonable attorney's fees under 42 U.S.C. § 1983 and

any other applicable law; and

E.     Grant such other and further relief as this Court considers just and proper.


Respectfully submitted,

Jane Doe

By her attorneys,


/s/ J. Anthony Downs_____
J. Anthony Downs (BBO# 552839)
Tiffiney F. Carney (*pro hac vice*
pending)
Louis L. Lobel (BBO# 693292)
Ashley E. Moore (BBO# 694731)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Tel.: +1 617 570 1000
E-mail: jdowns@goodwinlaw.com
tcarney@goodwinlaw.com
llobel@goodwinlaw.com
amoore@goodwinlaw.com

Jennifer Levi (BBO# 562298)
Bennett Klein (BBO# 550702)
GLBTQ Legal Advocates & Defenders
30 Winter Street, STE 800
Boston, Massachusetts 02108
Tel.: +1 617 426 1350

Email: jlevi@glad.org
bklein@glad.org

Elizabeth Matos (BBO# 671505)
Joel Thompson (BBO# 662164)
Prisoners' Legal Services
10 Winthrop Square, 3rd Floor
Boston, MA 02110
Tel.: +1 617 482 6383
E-mail: lmatos@plsma.org
jthompson@plsma.org

Dated: November 15, 2017

ACTIVE/93216369.3