UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE,<br><br>	Plaintiff,<br><br>	v.<br><br>MASSACHUSETTS DEPARTMENT OF CORRECTION; THOMAS A. TURCO III; SEAN MEDEIROS; JAMES M. O'GARA JR.; and STEPHANIE COLLINS,<br><br>	Defendants. | Civil Action No. 17-12255 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER**

Plaintiff, Jane Doe ("Plaintiff") is a transgender woman incarcerated at a men's facility, the Massachusetts Correctional Institution located in Norfolk ("MCI-Norfolk"), who brings this case to challenge the inappropriate placement as well as the unlawful denial of reasonable accommodations needed to properly treat her Gender Dysphoria.  She therefore brings an action against the Massachusetts Department of Corrections, Thomas A. Turco III, Sean Medeiros, James M. O'Gara, Jr., and Stephanie Collins (collectively "Defendants") for violations of the Americans with Disabilities Act , 42 U.S.C. § 12101, *et seq.* ("ADA"); the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*; the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; Part 1, Articles I and VII, among others, of the Massachusetts Constitution; and Articles 106 and 114 of the Massachusetts Constitution.  Plaintiff seeks injunctive relief, attorneys' fees, and all other appropriate relief.

Plaintiff seeks to protect the privacy of her medical history, diagnostic information, medical treatment plans, and to avoid the social stigmatization associated with her being transgender and to protect herself from harassment and violence, including sexual violence, that

could result from publicly disclosing her identity as a transgender woman.  Since being incarcerated at MCI-Norfolk and as detailed in the Complaint, Plaintiff has been subjected to harassment and targeted by other prisoners because of her identify as a transgender woman.  Plaintiff thus seeks to proceed under a pseudonym because of the risk that she will be the subject of further and intensified verbal and physical harassment if other prisoners, and possibly corrections staff with no connection to the case, as well, learn that she has filed a lawsuit alleging harassment, discrimination, and DOC mistreatment.  For these reasons and the reasons set forth below, Plaintiff seeks leave to litigate this matter under a pseudonym.

## BACKGROUND

Plaintiff has been diagnosed with Gender Dysphoria, a serious medical condition and disability in which there is a marked incongruence between one's experienced or expressed gender and one's assigned sex at birth.  Compl. ¶¶ 2, 18.  In order to avoid the debilitating psychological dysfunction and distress associated with Gender Dysphoria, Plaintiff must be able to live consistently with her female gender identity.  *Id.* ¶ 5.  Despite the established treatment recommendations for Gender Dysphoria, Defendants have refused to provide reasonable accommodations and have forced her to live in a male correctional facility, subjected her to strip searches by male correctional officers, forced her to shower in view of male prisoners who inappropriately comment on her female breast development and otherwise harass her, and refused to address or refer to her using female pronouns.  *Id.*  If Defendants' conduct continues, Plaintiff will continue to suffer from depression, anxiety, and her ability to participate in basic life activities will be impaired.

## STATEMENT OF FACTS

Plaintiff relies upon her Complaint which sets forth all relevant facts demonstrating

Plaintiff's need to litigate this matter under a pseudonym. The Complaint is hereby incorporated by reference.

## ARGUMENT

While, "the presumption is that all judicial proceedings remain open to the public," *Doe v. Aetna Life Ins. Co.*, No. 14-14716, 2016 WL 7799638, at *1 (D. Mass. Apr. 20, 2016), district courts have the discretion to permit parties to litigate matters anonymously and regularly do so. *Doe v. Bell Atlantic Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 420 (D. Mass. 1995). "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* (quoting *Doe v. Univ. of Rhode Island*, No. 93-0560B, 1993 WL 667341, at *2 (D.R.I. Dec. 28, 1993)). The party seeking to proceed pseudonymously bears the burden of proof. *Aetna Life Ins. Co.*, 2016 WL 7799638, at *1.

Courts have found the presumption of judicial openness to be outweighed "in cases involving social stigmatization, real danger of physical harm, or where the injury litigated would occur as a result of the disclosure of plaintiff's identity." *Bell Atlantic Bus. Sys. Servs., Inc.*, 162 F.R.D. at 420. Furthermore, "[c]ases in which parties are allowed to proceed anonymously because of privacy interests often involve 'abortion, mental illness, personal safety, homosexuality, transsexuality and illegitimate or abandoned children in welfare cases." *Id.* (citing *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 74 (D.R.I. 1992)).

Federal courts have repeatedly held that individuals' medical records are entitled to constitutional privacy protections. *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d. Cir. 1980) ("There can be no question that . . . medical records, which may contain intimate facts of a personal nature, are well within the ambit of material entitled to privacy protection.");

*see also United States v. Mazola*, 217 F.R.D. 84, 88 (D. Mass. 2003) (recognizing that individuals have a right to privacy in avoiding the disclosure of their medical records). As such, courts have allowed parties to proceed under pseudonyms in cases where medical diagnoses have been central to the litigation and disclosure would harm the moving party's health and/or safety. *See, e.g.*, *Aetna Life Ins. Co.*, 2016 WL 7799638, at *3-4 (allowing plaintiff to proceed anonymously in a disability benefits action because of the anxiety and worsening symptoms she would suffer if her mental health diagnoses were disclosed); *Doe v. Unum Life Ins. Co. of Am.*, 35 F. Supp. 3d 182, 185 n.1 (D. Mass. 2014) (referring to plaintiff anonymously in disability benefits case because of "sensitive issues" in the case, including plaintiff's medical records and HIV diagnosis).

     This case clearly falls into the categories mentioned above. Here, Plaintiff's medical diagnosis and medical and mental health history are central to her case. Her gender dysphoria diagnosis and the lack of accommodations she has received for it are the very reasons she has initiated this lawsuit. Her diagnosis and full medical records thus form the basis of each and every claim and allegation in this case. Since Plaintiff is hindered from living consistent with her gender identity and is the target of harassment and discrimination, she experiences severe anxiety and depression. These conditions will only intensify if her identity as the plaintiff in this lawsuit is disclosed, causing her to live in fear of more frequent and intense harassment. Given the recognized right to privacy in medical records, Plaintiff should be able to proceed under a pseudonym in this case where intimate details of her medical history will be under scrutiny.

     The District court in *Doe v. Blue Cross & Blue Shield of Rhode Island*, dealt with an issue similar to the one in this case. 794 F. Supp. 72, 74 (D.R.I. 1992). In *Blue Cross & Blue Shield of Rhode Island*, plaintiff sought to proceed anonymously in his action to recoup medical

expenses incurred from sex reassignment surgery. *Id.* at 72. Plaintiff argued that he needed to litigate the matter under a fictitious name in order avoid stigmatization, protect his privacy, and to "insulate himself from harassment that could result from his public identification as" a transgender person *Id.* The court granted the motion, noting the "highly sensitive and personal nature" of the facts relating to the claim *Id.* at 73.

Similarly, a transgender student's suit against the Department of Education was permitted to proceed anonymously because the plaintiff "would be required to disclose information of the utmost intimacy throughout the course of litigation." *Bd. of Educ. Of the Highland Local Sch. Dist. v. United States Dept. of Educ.*, No. 2:16-cv-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016). In making its decision, the court noted that other courts allowed transgender plaintiffs, including transgender adults, to proceed anonymously due to the social stigma associated with being transgender. *Id.*

As in the above-cited cases, here, Plaintiff would also be required to divulge intimate details of a sensitive nature about her personal life including her medical and mental health records, diagnosis, and treatment plan. In doing so, Plaintiff will be subject to further discrimination and harassment both in and out of prison. As detailed in the Complaint, Plaintiff has been repeatedly harassed by prisoners and corrections staff at MCI-Norfolk because of her status as a transgender woman. *See, e.g.*, Compl. ¶¶ 33, 34-36, 40. Plaintiff's experiences of being harassed and targeted by others is consistent with statistics showing that transgender prisoners experience disproportionately high rates of harassment and violence.[1] In 2015, the

---

[1] The National Gay and Lesbian Task Force and the National Center for Transgender Equality surveyed 6,450 transgender and gender non-conforming study participants, and 35 percent of respondents who served time in jail and/or prison reported harassment by other inmates – a much higher incidence of peer harassment than in non-transgender prisoners. Jaime M. Grant, Lisa A. Mottet, Justin Tanis, Jack Harrison, Jody L. Herman, & Mara Keisling, Injustice at Every Turn: A Report of the National Transgender Discrimination Survey 166 (2011), *available at* http://www.thetaskforce.org/static_html/downloads/reports/reports/ntds_full.pdf.

U.S. Transgender Survey (USTS) found that transgender prisoners are five to six times more likely to be sexually assaulted by staff or other inmates.[2] If others, both in the corrections facility and outside of it, were to learn that Plaintiff filed a lawsuit alleging harassment and discrimination, she could be at further risk of harassment and violence, including sexual violence.

Plaintiff also seeks to proceed under a pseudonym in order to protect herself from discrimination she will face once she is out of prison. Outside of prison, transgender individuals are still targets of harassment, violence, and discrimination. Nearly half of the 27,715 transgender respondents from the 2015 USTS reported being verbally harassed and/or physically attacked because they were transgender.[3] Transgender individuals also face an immense amount of discrimination in other aspects of life, including in housing, employment, and public accommodations. For example, the unemployment rate amongst transgender individuals is three times higher than the U.S. unemployment rate.[4] By having public court documents permanently available and accessible to anyone at any time that detail Plaintiff's gender dysphoria diagnosis and experiences as a transgender woman, she will be at a heightened risk of experiencing discrimination, harassment, and violence. Proceeding pseudonymously will not prejudice Defendants, prevent them from accessing necessary information, or otherwise hinder their ability to litigate this matter. *See Free Speech v. Reno*, No. 98-cv-2680, 1999 WL 47310, at *2 (S.D.N.Y. Feb. 1, 1999) (stating that governmental entities are generally not prejudiced when plaintiffs proceed anonymously). Any interests Defendants have in proceeding publicly are undoubtedly outweighed by Plaintiff's interests in protecting her health and safety.

---

[2] S. E. James, J. L. Herman, S. Rankin, M. Keisling, L. Mottet, & M. Anafi, The Report of the 2015 U.S. Transgender Survey 191 (2016), *available at* http://www.transequality.org/sites/default/files/docs/usts/USTS%20Full%20Report%20-%20FINAL%201.6.17.pdf.
[3] *Id.* at 198.
[4] *Id.* at 10.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court

(1) grant her motion to proceed under a pseudonym; and

(2) enter a protective order (a) prohibiting Defendants from disclosing Plaintiff's identity to any third party unless such disclosure is necessary to defend against this action (b) requiring any party that publicly files a document identifying Plaintiff, that the filing party redact all personal identifies in accordance with Fed. R. Civ. P. 5.2.

Respectfully submitted,

Jane Doe

By her attorneys,

/s/ J. Anthony Downs
J. Anthony Downs (BBO# 552839)
Tiffiney F. Carney (*pro hac vice* pending)
Louis L. Lobel (BBO# 693292)
Ashley E. Moore (BBO# 694731)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Tel.: +1 617 570 1000
E-mail: jdowns@goodwinlaw.com
tcarney@goodwinlaw.com
llobel@goodwinlaw.com
amoore@goodwinlaw.com

Jennifer Levi (BBO# 562298)
Bennett Klein (BBO# 550702)
GLBTQ Legal Advocates & Defenders
30 Winter Street, STE 800
Boston, Massachusetts 02108
Tel.: +1 617 426 1350
Email: jlevi@glad.org
bklein@glad.org

                                                Elizabeth Matos (BBO# 671505)
                                                Joel Thompson (BBO# 662164)
                                                Prisoners' Legal Services
                                                10 Winthrop Square, 3rd Floor
                                                Boston, MA 02110
                                                Tel.: +1 617 482 6383
                                                E-mail: lmatos@plsma.org
                                                jthompson@plsma.org

Dated: November 15, 2017