UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-12255-RGS

JANE DOE

v.

MASSACHUSETTS DEPARTMENT OF CORRECTION, et al

MEMORANDUM AND ORDER
RESERVING RULING ON DEFENDANTS' MOTION TO DISMISS AND
GRANTING IN PART PLAINTIFF'S MOTION
FOR A PRELIMINARY INJUNCTION

March 5, 2018

STEARNS, D.J.

Plaintiff Jane Doe is a transgender woman, currently housed in a men's prison operated by the defendants, Massachusetts Department of Correction (DOC), and various state officials named in their official capacity.[1] Doe brought this action alleging that the defendants have discriminated against her pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (ADA), and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et*

---

[1] Those defendants are: Thomas A. Turco III, Commissioner of the Department of Correction; Sean Medeiros, Superintendent of MCI-Norfolk; Stephanie Collins, DOC Assistant Deputy Commissioner of Clinical Services; and James M. O'Gara, DOC's ADA Coordinator.

1

*seq.* (RA), and have failed to make reasonable accommodations to her disability, principally by refusing to transfer her to the state women's prison. She also alleges violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment. The defendants have moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Doe has countered with a Motion for a Preliminary Injunction, seeking various forms of injunctive relief, including transfer to MCI-Framingham.

The court heard oral argument on both motions on February 28, 2018. During those proceedings, the court specifically asked both parties to address two distinct aspects of Doe's ADA claim; first, whether Doe's diagnosis of Gender Dysphoria places her condition within the ADA's exclusion of "transvestism, transsexualism, pedophilia, gender identity disorders not resulting from physical impairments, or other sexual behavioral disorders" from the statute's definition of "disability," 42 U.S.C. § 12211(b)(1); and second, assuming that it does, whether the statutory exclusion can withstand constitutional scrutiny. The DOC, for understandable reasons, declined to expressly advocate for the statute's constitutionality, deferring to the Attorney General of the United States. The court, agreeing with the parties that the constitutional question is substantial, on February 28, 2018,

certified the question to the Attorney General pursuant to Fed. R. Civ. P. 5.1(b) and 28 U.S.C. § 2403. *See* Dkt # 57. Under the statute, the Attorney General has 60 days to decide whether he wishes to intervene. Given the overlapping constitutional issues inherent in the plaintiff's ADA, RA, and Fourteenth Amendment claims – and the DOC's Motion to Dismiss those counts – the court will defer a ruling on the Motion to Dismiss until the Attorney General makes the decision whether or not to intervene. For that reason, the court <u>RESERVES</u> its ruling on DOC's Motion to Dismiss.

Pending an adjudication on the merits, and mindful of Doe's claim that "irreparable injury will be likely absent an injunction," *Respect Maine PAC v. McKee*, 622 F.3d 13, 15 (1st Cir. 2010), the court turns to Doe's Motion for a Preliminary Injunction.[2] The court concludes that Doe's Complaint

---

[2] Specifically, Doe sought a preliminary injunction, *see* Dkt # 35 at 3, ordering the defendants to:

> 1) transfer Doe to MCI-Framingham [a DOC facility for women]; 2) enjoin Defendants from using male correctional officers to conduct strip searches of Jane Doe, except in exigent circumstances; (3) enjoin Defendants from forcing Jane Doe to shower in the presence of men and with a shower curtain that does not adequately cover her; (4) enjoin Defendants from treating Jane Doe differently than other women held by the DOC; (5) train all staff on how to appropriately accommodate, treat and communicate with individuals with Gender Dysphoria within 60 days of this order; (6) enjoin Defendants from using male pronouns when speaking to or about Jane Does; (7) enjoin Defendants from referring to Jane Doe by her former male name

3

contains sufficient factual allegations that, taken as true, support the granting of provisional relief, pursuant to the equitable powers of the court, prior to a full adjudication on the merits and the possible exercise by the Attorney General of his right to be heard. The court believes that until the case is fully ripe it is in the interests of all parties to preserve the status quo and to insure that Doe has the continuing benefit of the accommodations DOC has already provided. The court is also mindful that, particularly when exercising jurisdiction over a claim for constitutional violations in a state prison system, the traditional discretion accorded to state prison administrators and principles of federalism caution that "[p]reliminary injunctive relief must be narrowly drawn, [and] extend no further than necessary to correct the harm the court finds requires preliminary relief," 18 U.S.C. § 3626(a)(2), and, moreover, courts must give "substantial weight to any adverse impact on public safety or the operation of the criminal justice system." *Id.*

For these reasons, the court <u>ALLOWS IN PART</u> Doe's Motion for a Preliminary Injunction, without prejudice to renew her motion for additional

---

(or any abbreviated version thereof); (8) refer to Jane Doe by her chosen female name; and (9) award such other relief as is just and proper.

injunctive relief, including those forms of relief not secured by this Order, as conditions warrant. Specifically, the court orders the following:

1) The defendants shall, consistent with staffing concerns and the collective bargaining agreements in place between prison administrators and corrections officers, utilize female correctional officers whenever feasible when conducting strip searches of Jane Doe.

2) The defendants shall, absent exigent circumstances, continue to house Jane Doe in the individual cell in Unit 3-2 and shall continue to offer the separate shower time to Jane Doe that the parties agree is currently provided.

3) To the extent staffing needs allow, the defendants shall make available a separate correctional officer to ensure that male inmates do not enter the shower area during the period of time in which Jane Doe is showering.

The court concludes that consideration of further relief – in particular a transfer to MCI-Framingham – is premature and should await the resolution of the constitutional issue. The court also declines Jane Doe's request to impose new training requirements on DOC personnel as both exceeding its authority and as unduly burdensome on DOC. However, DOC is encouraged to take further reasonable steps to meet Jane Doe's requests for safe accommodations, consistent with DOC's other obligations under internal department policies and applicable state and federal law.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE