Ms. Candace Shekinah Africa
MCI-Norfolk / #W63710
Box 43
Norfolk MA   02056

---

May 7, 2018

Clerk of Courts / Pro'se Intake
U.S. District Ct., Suite #2300
One Courthouse Way
Boston MA    02210

RE: <u>PRO'SE PLEADING FOR PROTECTION</u>
    <u>PURSUANT Fed. R. Civ. P. 24(b)(1)(B)</u>
    <u>KNOWN AS THE PERMISSIVE JOINDER</u>
    <u>AND/OR INTERVENTION RULE</u>
    <u>BY RIGHT</u>

Dear Madam/Sir:

Enclosed, please find the following documents, regarding common questions of law and/or fact that I share with another plaintiff (in re:** 2018 U.S. Dist. LEXIS 35022 :: <u>Jane DOE</u> v. <u>Massachusetts, Dept. of Correction</u> (3/5/18)).

This transgender woman's defendants (at the same facility) have retaliated against me; I, too, am a transgender woman. [They have placed me in solitary-confinement (since 5/3/18)]

Please, enter these on the docket and forward me copies of all coversheets "date-stamped" for my file. Thanks much.

All Best,
By: Candace S. Africa, Auth. Rep.      * [See, also: Rule 24(a) & (c), respectively.]
    CANDACE S. AFRICA, PRO'SE      ** Civil-Action # 17-12255-RGS

Enclosures
cc: file
    DOC Legal Div.
    Prisonr. Lgl. Svcs.
    GLAD

# The First Circuit District Court of the United States

## District of Commonwealth of MA

Ms. Candace Shekinah Africa
Plaintiff (Pro'Se)

v.

DOC Commissioner Thomas A. Turco, III, Norfolk Superintendent Brad Cowan, Norfolk Depty. Supt. Tianna Bennett, Asst. Depty. Commissioner Stephanie Collins, Ph.D.; Norfolk Disciplinary Officer Eric Cortes; Norfolk Mainline Kitchen Supervisor Lieutenant Andrew Kapala & Others

Defendants (Ind. and/or Prof. capty.)

## MOTION AND (VERIFIED) PLEADINGS FOR PROTECTIVE-ORDER PURSUANT RULE 24 PERMISSIVE-INTERVENTION (BY RIGHT) AND/OR JOINDER

Date: May 7, 2018, C.E.

UNITED STATES DISTRICT COURT
District of Massachusetts
First Circuit

# TABLE OF CONTENTS

C.A. 17-12255-RGS

(Page #)

I.) Introduction — 1

II.) Grounds For Allowing Plaintiff To Intervene Into Matter Entitled: Jane Doe v. Massachusetts, D.O.C. (2018 U.S. Dist. LEXIS 35022)(3/5/18). — 2

III.) Grounds For Allowing Plaintiff To Permissively Joinder/Intervene (By Right) Duly Weigh Her Being Bound By Judgment — 3

IV.) Inadequate Representation By Existing Parties (In Jane Doe, Id. @ 2018 U.S. Dist. LEXIS 35022 (3/5/18)) Due Ethnic & Cultural Deficiencies Amidst Staff & Employees. — 4

V.) Plaintiff Seeks Intervention Due To Claims & Questions (In Common) Of Law and/or Fact Pursuant State & Federal Statutes. — 5

VI.) Plaintiff Seeks Intervention Due To Her Extreme-Minority Status (Amidst GD-Inmates) And Common State & Federal Questions of Law — 6

VII. Conclusion... & Prayer For Relief — 7

VIII. Certificate of Service (Pursuant Rule 5) — 8

UNITED STATES DISTRICT COURT
District of Massachusetts
First Circuit

---

AFRICA, Candace Shekinah  *  C.A.#: 17-12255-RGS
  Plaintiff (Pro'se)        *
                            *
v.                          *
                            *
TURCO, Thomas A. III, Commissioner,  *
COWAN, Brad, Superintendent, BENNETT, *
Tianna, Depty. Supt., COLLINS, Stephanie *
Asst. Depty. Comm., CORTES, Eric, Disc. C.O.;
KAPALA, Andrew, Kitchen-Lieutenant, et. al.
                            *
  Defendants (individual and/or *
  official capacity)        *
                            *

---

PLAINTIFF, MS. CANDACE S. AFRICA'S, (VERIFIED) PLEADINGS WHEREBY SHE SEEKS PROTECTIVE-ORDER PURSUANT Fed. R. Civ. P. 24 & 18 USC § 3626(a)(2) VIA PENDENT-JURISDICTION AND PERMISSIVE INTERVENTION

I. Introduction

NOW COMES THE Plaintiff, before the Honorable Court, to seek permissive-intervention, permissive joinder of party and/or intervention of right; whereas, she (Ms. Africa) is a diagnosed (gender-dysphoric) woman currently housed at MCI-Norfolk, who practices religious-modesty that requires covering here (as (Holistic) Baha'i Faith Women do, globally), by wearing Hijab/Headdress, Deluxe Sleeves and not being seen unclothed (in the presence of men/males) thereby exposing her bare head/hair, breasts/areolae, arms & genitalia. This does not exclude Showers, haircare & salon access & searches of her body. Ms. Africa is currently in solitary due to this issue.*

---

*/ Special Mgt. Unit (Cell No. 104);    1.    Disciplinary-Report No. 411154. [Exh. A]

UNITED STATES DISTRICT COURT
District of Massachusetts
First Circuit

**II.** Grounds For Allowing Plaintiff To Intervene Into Matter Entitled:
<u>Jane Doe</u> v. <u>Massachusetts, Dept. of Corr.</u>
(2018 U.S. Dist. LEXIS 35022) (3/5/18)

a.) **Jane Doe**, who resides in Unit 3-2, at MCI-Norfolk, is a client (like many of us inmates) of **Prisoners' Legal Services** ("PLS") *[located at: 10 Winthrop Square, 3rd Floor, Boston, MA] and the extensive amount of assistance received from them (allegedly) makes it a conflict-of-interest, as well as an ethical-dilemma to assist this plaintiff and/or to even discuss the matters which shall impact her (Ms. Africa), especially religious ones.

b.) **Jane Doe**, as mentioned above (in line-a) is also in receipt of assistance from **Gay & Lesbian Advocates & Defenders** (known as "GLAD"); and thereby is enmeshed with an equal or similar relationship thus preventing GLAD from extending assistance to this plaintiff, due to conflict-of-interest and/or (legal) ethical-dilemma of Confidentiality; Separate but Unequally.

c.) **Jane Doe** is a non-religious and/or secular Puerto Rican (Latina) woman, who has concerns which are unique to GID-Inmates, Transsexual Women and Gender Dysphoric individuals (in general) with respect to: (Disabilities) (Showers & Prison Rape Elimination) (Safe Single-Cell Housing) and (Body Shame, with Cross-genders); however, her litigation does not adequately represent <u>all my interests</u> with Religious Land Use & Institutionalized Persons Act (RLUIPA), specifically. Modesty reflects internal morality.

d.) This plaintiff, **Ms. Candace S. Africa**, is an open mental health case, who is serving natural-life. She also adheres (sincerely) to (Holistic) Baha'i Faith Rubrics-of-Modesty that strictly forbids even her (bare) head/hair & arms, which compounds concerns which extend to opposite-gender exposure of her entire temple/body.

*/Address given due to

2.

UNITED STATES DISTRICT COURT
District of Massachusetts
First Circuit

## III. Grounds For Allowing Plaintiff To Permissively Joinder/Intervene (By Right) Duly Weigh Her Being Bound By Judgment

a.) Jane Doe's Counsel mention nowhere within her (3/5/18) Memorandum & ORDER (issued to <u>only one client</u> (at MCI-Norfolk)), anything about transgender, transsexual, transqueer or GID-Inmates who require protective measures due P.R.E.A. (Prison Rape Elimination Act) combined with RLUIPA. The interests focused on by Jane Doe's (seemingly eminent) counsel fall remiss, but for those that immediately help one transgender woman, **Ms. Doe**.

b.) **Jane Doe** is a non-violent drug offender who seeks a reentry & end-of-sentence, around November 2019, notwithstanding good time possibly earned in the Correctional Recovery Academy (C.R.A.). Once released from custody of the MA-DOC, all **Jane Doe's** claims become moot.

c.) The DOC condones situations like **Jane Doe's**, whereby they may systematically exclude remaining transsexual women (similar to this plaintiff) utilizing counter-litigation(s), which can freeze-in-time unconstitutional reality via res adjudicata.

d.) When oral-arguments were held (2/28/18) for **Jane Doe**, it was (approx.) 40-days after this plaintiffs last access/treatment to Womens haircare-access (1/18/18) at MCI-Norfolk. Unbeknownst at that time, the pending litigation (allegedly) had caused the defendants to cease **Ms. Africa's** haircare which is part of her feminization, Real Life Experience (RLE) and Standards of Care, which are established (SOCv7) by the World Professional Assoc. for Transgender Healthcare (W.P.A.T.H.). However, MCI-Norfolk administrators knew this well.

3.

UNITED STATES DISTRICT COURT
District of Massachusetts
First Circuit

---

## IV. INADEQUATE REPRESENTATION BY EXISTING PARTIES (IN Jane Doe, Id. e 2018 U.S. Dist. LEXIS 35022 (3/5/18)) DUE TO ETHNIC & CULTURAL DEFICIENCIES AMIDST STAFF & EMPLOYEES

a.) The plaintiff seeks protective-ORDER (similar to Jane Doe) whereas, MCI-Norfolk has (approx.) seven* GID-Inmates that are diagnosed, according to the Diagnostic & Statistical Manual for Mental Diseases & Defects, Fifth Edition ("DSM-5"). A plethora of voicemails, letters and communique have gone unanswered, which were mailed to several firms/attorneys (for Ms. Doe), who all serve inmate-clients within the MA-DOC. This plaintiff is what is considered an **extreme minority**, even amidst all other transsexual/transgender woman minorities. So, the (alleged) cultural/ethnic deficiencies exist (if so) without malice; however, they still harm Ms. Africa via omission to assist her.

b.) The plaintiff (Ms. Africa) has been directed to use DOC rules & procedures to access the Cultural & Ethic Haircare Venue, for products (e.g. Dark & Lovely, No-Lye Creme Relaxer, etc.) that she was allowed unimpededly (prior) [on 3-occasions since arrival: (3/31/17)(8/29/17)(1/18/18)]; now these Religious Services Review Committee (RSRC) Requests have been denied. The (alleged) Cultural/Ethnic barrier to access warrants a protective-ORDER. Former applications happened without incident.

c.) The plaintiff (Ms. Africa) has appealed denials (4/16/18) and is the only transsexual woman that has a religion, which has edicts requiring an **internal system of morality reflected outwardly** via Hijab, Deluxe Sleeves; and thus need facilities (outside the presence of men/males) to remove her headdress and apply haircare-products by herself/women.

---

*/ 1 Ms. Erica M. Epsom (3-2); 2 Ms. Iggy Isabella (3-2), 3 Ms. Angie Resto (3-2), 4 Ms. Michelle L. Kosilek (3-2), 5 Ms. Chris Alexander (3-2) 6 Ms. Elizabeth Hussey (6-2) & 7 Plaintiff (SMU).

4.

UNITED STATES DISTRICT COURT
District of Massachusetts
First Circuit

## V. PLAINTIFF SEEKS INTERVENTION DUE TO CLAIMS & COMMON QUESTIONS OF LAW AND/OR FACT PURSUANT STATE & FEDERAL STATUTES

a.) Ms. Africa duly seeks reasonable accomodations for disability as an extremely gender-dysphoric woman with an extensive history of treatment, hospitalizations and PREA-trauma [See: "disability" in 42 USC, 12211(b)(1); 42 USC, 12101 Americans with Disabilities Act and 29 USC, 701 Rehabilitation Act of 1973]

b.) Ms. Africa shares the issue of safety, hygiene and protective provided ORDER when needing to remove her Womens Hijab, Sleeves, Bra & Panties to shower (alone) in co-ed units with violent, dangerous and Xenophobic tendancies of men/males. [See: 18 USC, 3626(a)(2) - Preliminary Injunction, 14th Amend (U.S. Constitution).

c.) Ms. Africa shares the issue of being subjected to unclothing her body (temple) as a sincere religious adherent of her DOC-approved (Holistic) Baha'i Faith Rubrics-of-Modesty; thus having to remove covering of adornments and expose (bare) head/hair, breasts/areolae, genitalia/clitoris & arms is great substantial-burden of a sincere religious exercise [See: R.L.U.I.P.A. of 2000] [also, see: Prison Rape Elimination Act].

d.) Ms. Africa seeks the pendent jurisdiction which this pleading may assert, if allowed by the Honorable Court, pursuant MGLc. 231, 4A & Mass. R.Civ.P. 20 - Permissive Joinder; Fed. R. Civ. P. 20(a) Permissive Joinder of Parties, as well: Mass. R. Civ. P. 24 Intervention of Right Check v. Kaplan, 280 Mass. 170, 178, 182 NE 305, 308 (1932).

e) Ms. Africa shares the same mental-health diagnosis as Ms. Jane Doe and is housed at the exact same men's facility (MCI-Norfolk); and, faces similar traumas and is similarly situated; and has been retaliated against (allegedly) because of Ms. Doe's litigation. Plaintiff is currently traumatized and in solitary-confinement since (5/3/18). [See: Exhibits] [See: 14 Amendment - Equal Protection Due Process.]

5.

UNITED STATES DISTRICT COURT
District of Massachusetts
First Circuit

## VI. PLAINTIFF SEEKS INTERVENTION DUE TO HER EXTREME-MINORITY STATUS (AMIDST GD-INMATES) AND COMMON STATE & FEDERAL QUESTIONS OF LAW

a.) Ms. Africa is an "extreme minority" whereas not only is she a Native American/Indian (minority) similar to **Ms. Doe** who is a Puerto Rican/Latina (minority); but, in addition to her being a woman-of-colour, she observes precepts of the 9-Major Prophets of the Earth.* And, the plaintiff (unlike other women at MCI-Norfolk) has been hospitalized at the state Hospital 3-years; has endured the institutional & sub-cultural abuses of prolonged solitary-confinement within Shirley-Medium, Cedar Junction's DDU, Souza Baranowski's Secure Treatment Unit, not to exclude stints within DDU's b-Wing. The plaintiff is an "extreme minority" due to her resilience to maintain (human-dignity) (morality) & (feminine-integrity), despite faces-of-death seen, while pre-operatively transitioning, under dire circumstances. "Howbeit," the Court can consider any factor rationally relevant [and] enjoys very broad discretion in granting or denying [a] Motion [For Permissive Intervention] <u>U.S. Postal Service v. Brennan</u>, 579 F.2d 188, 191-92 (2d Cir. 1978)

b.) Ms. Africa's common questions about her "disability" (under the ADA of 1990) & her "body shame" via "shower harassment" (under PREA), not to mention "religious-modesty" (RLUIPA); these all beg the question(s) for which intervention is sought. And it will please the Honorable Court that allowing plaintiff's intervention will not "unduly delay or prejudice the adjudication of the original parties rights;" Fed. R. Civ. P. 24 (b)(3).

---

*/(Holistic) Baha'i Faith believes there is only one Most High Creatrix/Deity; and Plaintiff, Ms. Africa is the direct 6. lineage of Earth's Original People.

UNITED STATES DISTRICT COURT
District of Massachusetts
First Circuit

## III. CONCLUSION AND INHERENT NECESSITY FOR ASSIGNMENT OF COUNSEL SIMILAR TO FELLOW TRANSSEXUAL (AT MCI-NORFOLK) WHO IS UNLETTERED, AS WELL.

a.) Ms. Africa seeks and prays the Honorable Court will construe the Civil-Rules in a manner that will "secure the just, speedy and inexpensive determination of every action and proceeding." Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986). (a just, speedy and inexpensive determination is essential to a fair and effective trial.) Lawyers have impeccable skills.

b.) Ms. Africa pleads with the Honorable Court herewith to compare the efficiency that ensues, when skilled litigators become involved with specific (commonly shared) questions of law & fact. Moreover, the assistance of Pro-Bono Counsel can provide the expeditious finding of fact(s) and precision drafting of comprehensible pleadings, in the best interests of justice, pre-trial. [See: Fed.R.Civ.P. 1 (when parties cooperate to the extent that it is permissible, with effective advocacy; and, they refrain from over-use, mis-use or abuse of procedural tools, costs are minimized, as well as are delays) - Advisory Committee Note of 2015].

WHEREAS, Plaintiff, Ms. Africa, has set forth the grounds aforementioned within these pleadings, in relation to relief sought, before the Honorable Court via her averments of common questions of law & fact, she hereby prays this Motion for Permissive Intervention By Right and/or Joinder of Parties be allowed. So mote it be. Respectfully,

X By: Candace Shekinah Africa, auk.Rp.

May 7, 2018
DATE

MS. CANDACE SHEKINAH AFRICA, PRO'SE
BOX 43    #W63710
NORFOLK   MA   02056-0043

7.

## VIII. VERIFICATION OF FACTS & CERTIFICATE OF SERVICE BY PLAINTIFF

a.) I, Ms. Candace Shekinah Africa, #W63710, am the plaintiff in this pleading to the Honorable Court, 1st Circuit, U.S. District, entitled: PLAINTIFF, MS. CANDACE S. AFRICA'S, (VERIFIED) PLEADINGS WHEREBY SHE SEEKS PROTECTIVE-ORDER PURSUANT Fed. R. Civ. P. 24 & 18 USC § 3626(a)(2) VIA PENDENT-JURISDICTION AND PERMISSIVE INTERVENTION. The factual averments set forth within the contents of these pleadings and the accompanying documents are accurate & truthful to the best of my information, beliefs and understanding, under the penalties & pains of perjury; this __7th__ day, month of __May__, Year of our Lord, __2018__, C.E.

The plaintiff, Ms. Africa, also herewith certifies that all the true Verified pleadings dated (5/7/18) along with accompanying documents shall be served on all the known parties of the matter being sought Permissive Intervention with (namely: Jane Doe v. MA-DOC ::  2018 U.S. Dist. LEXIS 35022 (3/5/18) Hon. Judge Richard G. Stearns).

Service of Process shall be made utilizing 1st Class mail, Institutional Mailbox Rule GL.c.127, § 6, (in the interim, until or/and when the U.S. Marshalls Office may assist); the following addresses are where parties were notified: 1.) Joshua M. Daniels, Esq., Goodwin, Proctor, LLP, 100 Northern Ave., Jamaica Plains, MA 02210 ph#(617) 570-1000; 2.) Prisoners' Legal Services, Joel Thompson, Esq., 10 Winthrop Square, 3rd Flr., Boston, MA 02110; 3.) Jennifer Levi, Esq., GBLTQIA Legal Advocates & Defenders 10 Winter St., Ste. 800, Boston, MA 02110; 4.) DOC-Legal Division, 70 Franklin St., Ste. 600, Boston, MA 02111; 5) Thomas A. Turco, III, 50 Maple St., Ste 3, Milford, MA 01757-3698 ph# (508) 422-3300 6) Stephanie Collins, PhD Id. @ Milford, MA 01757-3698 7) Brad Cowan, Supt., MCI-Norfolk, Box 43, Norfolk MA 02056-0043 ph#(508) 660-5900 8) Tianna Bennett, Depty. Supt. Id.@ Norfolk, MA 02056-0043 9) Andrew Kapala, Mainline Kitchen Lt. Id. @ Norfolk, MA, 10) Eric Cortes, Disciplinary Officer, Id @ Norfolk, MA. 11) Tiffiney F. Carney, Esq., Goodwin, Proctor, LLP, 901 NY Ave. NW, Wash. D.C. 20001 ph# (202) 346-4195

b.) The above known parties (counsel/firm), pursuant to Rule 5 and Mass. R. Civ. P. 24(c) - Motion To Intervene (must be served upon Parties), plaintiff signs below to affirm service of process, under penalties & pains of perjury this __15th__ day, month of __May__, Year of Our Lord, __2018__, C.E.

DATE: May 7, 2018

x By: _____ with Rep.
MS. CANDACE S. AFRICA / PRO-SE
BOX 43   #W63710
NORFOLK  MA  02056-0043

8.