UNITED STATES DISTRICT COURT
District of Massachusetts (Boston)
First Circuit

| | |
|---|---|
| DOE, Jane/ Plaintiff | Civil Docket: |
| v. | 17-cv-12255-RGS |
| MASSACHUSETTS DEPARTMENT OF CORRECTION, et.al./ Defendants | |

PUTATIVE INTERVENOR, MS. CANDACE AFRICA'S
MOTION FOR RECONSIDERATION PURSUANT MISTAKENLY
CITING INAPPROPRIATE RULE OF CIVIL-PROCEDURE
WITH AN "INTERVENTION OF RIGHT" PLEADING

NOW COMES THE PLAINTIFF, Ms. Candace Shekinah Africa, Pro-Se, Committ No.W-63710, an inmate being housed within MCI-Norfolk facility; whereby, she is a transgender woman seeking protective-relief pursuant Fed.R.Civ.P.24(a) and inadvertently cited Rule 24(b)(1)(B), initially, due to not being trained in the practice of law nor afforded the assistance of law-clerks at the facility's law library.

Herewith this instant motion, the plaintiff, Ms. Africa seeks to clarify how exactly she meets the requirements of Rule 24(a) versus the former cited Rule 24(b)(1)(B); the primary essence shall rest with the existing parties not adequately representing the interests of Ms. Africa, where she has a well-established practice of religious-modesty.

(1)

For the reasons set forth below, the plaintiff, Ms. Africa, prays the Honorable Court to carefully weigh (and reconsider): 1.) Ms. Tiffiney F. Carney,Esq. Lead Counsel (<u>pro hac vice</u>), Goodwin, Procter,LLP, Washington,D.C., has never communicated with Plaintiff, Ms. Africa as the (5/14/18) docket-entry states; 2.) On or around (5/4/18), Ms. Africa submitted to CPO Curtis, in the Special Management Unit ("SMU"), correspondence regarding Americans with Disabilities Act ("ADA") concerns and Mr. Curtis took leave of absence incommunicado; 3.) Ms. Africa has timely filed to intervene albeit she could not receive assistance from Ms. Doe's counsel, due to the dysfunctionality of the GID-Inmate/ Transgender community at MCI-Norfolk and the veiled nature of the <u>Doe</u>-Litigation (pending Ms. Doe's parole-release and the defendant's anticipatory mootness of her claims for relief};4.) Ms. Africa has an interest relating to the... transaction that forms the basis of the ongoing suit; 5.) the disposition of the action [w/Ms. Doe's suit] threatens to create a practical impediment to it's ability to protect [Ms. Africa's] interest; 6.) Neither of the Counsel assigned, pro hac vice, amici curiae, and/or otherwise have made a meaningful effort to assess amidst MCI-Norfolk women to determine, if the <u>Doe</u>-Litigation adequately represents the interests of Ms. Africa,et.al.. [See: <u>B. Fernandez & Hnos., Inc.</u> v. <u>Kellogg USA, Inc.</u>, 440 F.3d 541, 544-45 (1st Cir. 2006) (Standards for Fed. R.Civ.P.24(a)- Intervention of Right)].

(2)

7.) Plaintiff, Ms. Africa, is morally-coerced to consume her Torahdic-Kosher Eat-to-Live (religious) diet, sleep, conduct hygiene-rituals/shower, and live amidst men/males, without reasonable accomodation(s) that she needs for treatment of her extreme gender-dysphoria; 8.) Ms. Africa's rights have been (and still are) abridged for violations of the ADA, 42 USC, Sect. 12101, the Rehabilitation Act ("RA") of 1973, 29 USC Sect. 701, the Federal & State Civil-Rights, 42 USC, Sect.1983 & MGL c. 12,Sects. 11H thru I ("the Act"), the Equal Protection Clause & Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, as well as the equality & due-process guarantees secured via the Massachusetts Constitution (Part I, Articles I & VII, etc.) not to exclude Articles 106 and 114. Thus, relief and protection is sought, injunctively; 9.) Ms. Africa is subjected to be morally-coerced to degrade herself in the presence of men/males with showers, stripsearches and in the mens' barbershop and also threatened by DOC-Staffmembers to be sent to "the Hole" (solitary confinement) [See: Planned Parenthood League of Massachusetts, Inc. v. Blake, 417 Mass. 467, 474, 631 N.E.2d 985 (1994) (Supreme Ct. defined "threat" as "involv[ing] intentional exertion of pressure to make another fearful ...of injury or harm.")]; 10.) Plaintiff, Ms. Africa is not allowed to live consistent with her gender-identity and afforded protections such as Ms. Doe & other women.

(3)

11.) Ms. Africa unlike attorneys and officers of the Court asserts that her pleadings have been found as "Moot" and **DENIED**, by the Honorable Court due to mistakes (as to citing law/rules), poor judgment, in ways that attorneys are not allowed [See: Pederson v. Louisiana State Univ., 912 F.2d 892, 937 (M.D.La. 1996)]; 12.) Ms. Africa's mental-health clinician, Ms. Elizabeth Samson,LMHC, has known she was suffering greatly in ways similar to Ms. Doe (for she is both Ms. Africa's and Ms. Does' clinician) however, she has never been allowed to even hint that a Federal Judge had issued an Order of Protection for her other GID-Inmate Client, Ms.Jane Doe, due to client-confidentiality; 13.) Plaintiff, Ms. Africa, is allowed Womens' religious apparrel, alongside her mental-health DSM-5 diagnosis for Gender-Dysphoria thus, to avoid debilitating psychological distressors and dysfunctionality, she must be able to live/experience real-life activities consistent with her gender-identity such as accessing a hair-salon, shower safely without being harassed like other MCI-Norfolk women, afforded the cosmetology services similar to MCI-Framingham (with respect to her religion); and/or 14.) Ms. Africa suffers from past PREA-trauma due to defendants' employees that continue to go untreated, further injuring her. She is still being routinely stripsearched by calloused and insensitive male officers whereby she is demeaned, scarred & wounded via invisible-violence.

(4)

<s>As grounds therefore, and as attested in the above-stated averments, the plaintiff, Ms. Africa signs her name below that the contents of this motion are true and accurate to the best of her knowledge, belief and information, under the pains & penalties of perjury this 22nd day, month of May, 2018,C.E..

WHEREFORE, she prays for the mercy of this Honorable Court to allow this Intervention of Right, and provide her protection from further being undermined and denied treatments needed by the defendants.

Respectfully Submitted,

By: *[signature]* Candace Shekinah Africa, Auth.Rep.

Ms. Candace Shekinah Africa, Pro-Se
MCI Norfolk, Unit 6-2, Room 303
2 Clark Street, Box 43
Norfolk, Massachusetts 02056-0043

## CERTIFICATE OF SERVICE

I, Candace S. Africa, Pro-Se, am plaintiff in a pleading related to the matter entitled: Doe v. MA-DOC, C.A. #17-12255-RGS (1st Cit. USDC), whereby Interrention of right is sought; the above document has been served on all parties (w/a 1st-class mail & Institutional-mailbox) at their respective addresses, on this 22nd day, month of May, 2018, c.e. My signature affirms the above, under penalty of perjury Pursuant 28 USC, §1746.

Enclosures
File
Parties

By: *[signature]* Candace Shekinah Africa, Auth.Rep.
Ms. Candace Shekinah Africa, Pro-Se

(5)