## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>MASSACHUSETTS DEPARTMENT OF CORRECTION; THOMAS A. TURCO III; SEAN MEDEIROS; JAMES M. O'GARA JR.; and STEPHANIE COLLINS,<br><br>    Defendants. | Civil Action No. 1:17-12255-RGS<br><br>**Oral Argument Requested** |

### PLAINTIFF'S MOTION FOR RECONSIDERATION AND REVERSAL OF THE COURT'S DISMISSAL OF THIS CASE

Plaintiff Jane Doe moves pursuant to Fed. R. Civ. P. 59(e), or alternatively under Fed. R. Civ. P. 60(b), for this Court to reconsider and vacate its dismissal of this case with prejudice, as set forth in its Order of March 14, 2019 (D.I. 108), where the Court *sua sponte* and without prior notice to the parties or any opportunity to brief the issues or seek to amend the complaint, ordered the clerk to "close the case," and its Order of March 15, 2019 (D.I. 109), where the Court ordered that this action was "dismissed with prejudice as to the claims asserted." Put another way, Ms. Doe asks the Court to reinstate Ms. Doe's case. The primary relief Ms. Doe has secured so far – her transfer by the Department of Correction ("DOC") to the women's prison at MCI Framingham – is only part of the relief she sought by filing this case. A number of issues remain that fall within the scope of the originally pleaded claims arising out of the Defendants' discriminatory treatment of Ms. Doe as a transgender prisoner and that relate to specific requests for relief in her original complaint.

Such requests for relief include, without limitation: "order Defendants not to discriminate against Jane Doe on the basis of her transgender status, her gender identity, her sex,

and/or her disability," and "[t]reat Jane Doe the same as other women held by the DOC." Complaint (D.I. 1 at 22 (Prayer for Relief)). Those requests for relief under the Americans with Disabilities Act, the Rehabilitation Act of 1973, the Equal Protection Clause, and the Due Process Clause, are based on Ms. Doe's diagnosis of gender dysphoria (a disability) and her transgender status. Ms. Doe's federal claims apply wherever she is incarcerated by the DOC, not just when she is in the men's prison.

Thus, in the joint status reports filed January 14, 2019 (D.I. 103), and on March 11, 2019, (D.I. 107), Ms. Doe reported to the Court the fact that she continues to suffer from discrimination based on her transgender status and disability even at MCI Framingham. The Defendants disputed this in both reports. *Id.* ***But the Defendants did not seek dismissal or contest Ms. Doe's right to pursue her claim to be treated the same as other women held by the DOC, even after the transfer.*** Instead, during the time after the transfer, and up through the filing of the Status Report on March 11, 2019, the parties tried to work out any issues relating to Ms. Doe's transition to incarceration at Framingham. Although the Court ordered preliminary injunctive relief for Ms. Doe relating to certain issues at the male prison, in fact her transfer to Framingham simply did not end the discriminatory treatment of Ms. Doe based on her transgender status.

Thus, it was a complete surprise when the Court's Orders of March 14th and 15th dismissing this case with prejudice were issued without any prior notice to the parties, and without an opportunity for Ms. Doe to respond or to even seek to amend her complaint. The Court's *sua sponte* and essentially immediate order of dismissal with prejudice, now precludes Ms. Doe from obtaining relief she properly requested in the complaint, such as obtaining final adjudication of her claims on the merits and ensuring that she is treated like other women prisoners without discrimination based on her transgender status. In the proceedings to date, Ms.

Doe has in fact prevailed in this case by defeating Defendants' motion to dismiss and by obtaining injunctive relief with respect to her treatment in the men's prison at Norfolk. But Ms. Doe is significantly and unfairly prejudiced by the *sua sponte* dismissal of this case with prejudice, when not all of her claims have been addressed or even considered. No party requested such a dismissal and there was no briefing or opportunity to engage the Court with argument as to why the case should not be dismissed.

In addition, in order to facilitate efforts to resolve this case, Ms. Doe also asks this Court to hold a conference with the parties to discuss this case. One new relevant fact is that the DOC has notified Ms. Doe that she has a "release date" of April 26, 2019 – roughly a month away – when she is scheduled to be released from MCI Framingham. If Ms. Doe is actually to be released on that date, the parties can try to reach a settlement that might encompass all open issues.

### I. Ms. Doe Obtained Partial Relief From Her Complaint And the Court Rejected Defendants' Motion to Dismiss

Preliminarily, it is undisputed that Ms. Doe has succeeded in part by obtaining certain important aspects of the relief requested in her complaint. After this lawsuit was filed, Ms. Doe moved for a preliminary injunction that included a request for a transfer and other relief regarding her treatment at the men's prison in MCI Norfolk. D.I. 35 at 32-33. This Court granted *in part* the preliminary injunctive relief requested by Ms. Doe on March 5, 2018 (*see* D.I. 59), addressing certain issues relating only to her treatment within the men's prison at MCI Norfolk.[1] At that time, however, the Court did not rule on whether Ms. Doe should be transferred to a women's prison.

---

[1] The Court's order granting in part Ms. Doe's preliminary injunction (D.I. 59) granted Ms. Doe's request to be strip-searched only by female correctional officers and to ensure that she would be able to shower outside the presence of other male prisoners, to provide Ms. Doe with

3

In addition, on June 14, 2018, the Court denied the Defendants' motion to dismiss Ms. Doe's complaint, thus allowing the case to proceed. D.I. 79. Shortly thereafter, Ms. Doe filed a renewed motion for a preliminary injunction, in which she, again, sought a transfer to MCI Framingham. D.I. 81. While the motion was pending the DOC decided to, and did, transfer Ms. Doe to MCI Framingham, thereby mooting the request in the P.I. motion for such a transfer. Joint Status Report of 1/14/19, at 2, (D.I. 103).

## II. Issues of Discrimination Still Exist After Ms. Doe's Transfer to MCI Framingham

But Ms. Doe's transfer to MCI Framingham – which ultimately occurred in September 2018 – did *not* resolve all of Ms. Doe's claims or end discrimination against her based on her disability and transgender status, nor should it now preclude Ms. Doe from seeking relief in this case from continued discriminatory treatment she has experienced while still in DOC custody, albeit while at MCI Framingham. The parties notified the Court of the remaining issues in the Joint Status Report of January 14, 2019. D.I. 103 at 2 ("[W]hile the requested preliminary injunctive relief is now moot, there still remain allegations by Ms. Doe concerning her treatment at MCI Framingham.").[2]

In addition, the transfer of Ms. Doe from a men's prison to a women's correctional facility by no means makes her, as a transgender person, immune from discrimination in the women's prison on the basis of her transgender status. Here, even after the transfer, Ms. Doe has

---

some assurances that she would be treated the same as other women in DOC custody. *Id.* at 59. But not all her concerns were addressed, as Ms. Doe continued to be housed in the men's correctional facility, so she continued to face discrimination on the basis of her disability and transgender status.

[2] Other courts have recognized that the mootness of a request for a preliminary injunction does not warrant a dismissal of all claims, much less a dismissal with prejudice. *See, e.g.*, *CMM Cable Rep., Inc. v. Ocean Coast Prop., Inc.*, 48 F.3d 618, 621 (1st Cir. 1995) (despite mootness of preliminary injunction, the suit was not moot because the court could still "award money damages, attorneys' fees, and other effective relief.").

4

continued to face discriminatory treatment at Framingham based on her gender dysphoria and her transgender status – including some of the very same discriminatory treatment that remained unresolved when she was at the men's facility.  This includes her being targeted for exclusion from programs and activities because of her disability and transgender status and facing unequal treatment by corrections officers.  *See* D.I. 103 at 2.

Some of the recent factual grounds for Ms. Doe's continuing claim of discriminatory treatment by the Defendants at Framingham were briefly described in the Status Report of March 11, 2019 (D.I. 107).  While the Defendants responded to and disputed those claims in its portion of the Status Report, the Defendants *never contended that the claims were outside the scope of what was alleged in the complaint*.  Nor did either party, including the Defendants, request in any way that this case be dismissed.  It was thus completely unexpected to Ms. Doe and to her counsel when the Court *sua sponte* and without any hearing issued Orders on March 14 and 15 ordering the clerk to "close the case" and then dismissing the case "with prejudice."  (D.I. 108 & 109).  At a minimum, Ms. Doe should have had an opportunity to explain the new circumstances to the Court and, if necessary, to move for leave to amend the complaint to add allegations pertaining to her treatment at MCI Framingham.

### III.  Ms. Doe's Original Claims of Discrimination Based on Her Disability and Transgender Status Encompass the Defendants' Treatment of Her At MCI Framingham

Respectfully, Ms. Doe submits that the Court erred in dismissing this case with prejudice when Ms. Doe's status report noted that, notwithstanding the transfer of Ms. Doe to MCI Framingham, Ms. Doe was being discriminated against as a transgender woman even at Framingham.  The events at Framingham arise out of and are a continuation of the same problems she experienced at MCI-Norfolk – *i.e.*, the discriminatory treatment of a transgender

5

person who has been diagnosed with gender dysphoria, and who is being discriminated against because of her transgender status and her disability.

While the specific facts of Ms. Doe's mistreatment at Framingham were not (and could not have been, given the timing) alleged in the original complaint, they are of the type that fall within the scope of Ms. Doe's allegations in the complaint about the discriminatory treatment she has received while in DOC custody.  Indeed, at the core of Ms. Doe's complaint were the allegations, with supporting facts, that the DOC failed to "respect and treat her as a woman," and continually discriminated against Ms. Doe on the basis of her status as a transgender woman. D.I. 1 at ¶ 55.  Ms. Doe therefore requested a number of accommodations, not just the transfer to MCI Framingham, all with the goal of receiving the same treatment "as other women held by the DOC[.]" *Id.* at 22 (Prayer for Relief).  For example, Ms. Doe requested equal access to programs and services offered by the DOC, that DOC employees refer to her using the correct chosen female name and pronouns, that DOC staff receive training "on how to accommodate, treat, and communicate with individuals with Gender Dysphoria." *Id.* ¶¶ 55, 58, 64.  She still seeks this relief.

Moreover, the Court's *sua sponte* dismissal of the claims with prejudice, without any prior notice by the Court or motion by the Commonwealth, and without any opportunity for Ms. Doe to be heard in response to the proposed dismissal, denied Ms. Doe of the opportunity to amend her allegations to include the new factual events at MCI Framingham that are based on similar discriminatory treatment toward her as a transgender prisoner.  The First Circuit has stated:  "The general rule is that 'in limited circumstances, sua sponte dismissals of complaints under Rule 12(b)(6) ... are appropriate,' but that such dismissals are erroneous unless the parties have been afforded notice and an opportunity to amend the complaint or otherwise

6

respond." *Chute v. Walker,* 281 F.3d 314, 319 (1st Cir. 2002).  Ms. Doe did not have prior notice of a possible dismissal, or any opportunity to amend the complaint or otherwise respond to the Court's orders, except after the fact.

## **CONCLUSION**

As explained in the parties' March 11, 2019 Status Report, Ms. Doe continues to face discrimination and unlawful denials of accommodations while at MCI Framingham based on her transgender status and diagnosis with gender dysphoria.  While the events at MCI Framingham occurred after the filing of the complaint, the situation there still falls within the allegations in the complaint that, *inter alia*, Ms. Doe is not being treated "the same as other women held by the DOC[.]"  D.I. 1 at 22 (Prayer for Relief).  Because Ms. Doe continues to suffer from the type of discrimination and harassment specifically alleged in her complaint, this Court can still grant effective relief, as well as costs and fees, to address the harm Ms. Doe continues to suffer.  *CMM Cable Rep., Inc.*, 48 F.3d at 621.  Ms. Doe respectfully requests that the Court reconsider and reverse its order of dismissal with prejudice and reopen this case.

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), Jane Doe respectfully requests oral argument.

Respectfully submitted,

Jane Doe

By her attorneys,

/s/ J. Anthony Downs_____
J. Anthony Downs (BBO# 552839)
Tiffiney F. Carney (*pro hac vice*)
Louis L. Lobel (BBO# 693292)

7

                                        Ashley M. Drake (BBO# 694731)  
                                        GOODWIN PROCTER LLP  
                                        100 Northern Avenue  
                                        Boston, Massachusetts 02210  
                                        Tel.: +1 617 570 1000  
                                        E-mail: jdowns@goodwinlaw.com  
                                        tcarney@goodwinlaw.com  
                                        llobel@goodwinlaw.com  
                                        amoore@goodwinlaw.com

                                        Jennifer Levi (BBO# 562298)  
                                        Bennett Klein (BBO# 550702)  
                                        GLBTQ Legal Advocates & Defenders  
                                        30 Winter Street, STE 800  
                                        Boston, Massachusetts 02108  
                                        Tel.: +1 617 426 1350  
                                        Email: jlevi@glad.org  
                                        bklein@glad.org

                                        Elizabeth Matos (BBO# 671505)  
                                        Prisoners' Legal Services  
                                        50 Federal Street, 4th Floor  
                                        Boston, MA 02110  
                                        Tel.: +1 617 482 6383  
                                        E-mail: lmatos@plsma.org

Dated: March 25, 2019

9

**LOCAL RULE 7.1(A)(2) CERTIFICATION AND CERTIFICATE OF SERVICE**

     I, J. Anthony Downs, hereby certify that counsel for Plaintiff has conferred in good faith with opposing counsel regarding this motion but were unable to narrow the issues.

     I further certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on March 25, 2019.

     /s/ J. Anthony Downs