UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-12255-RGS

JANE DOE,
    Plaintiff

V.

MASSACHUSETTS DEPARTMENT
OF CORRECTION; THOMAS A. TURCO, III;
SEAN MEDEIROS; JAMES M. O'GARA, JR., and
STEPHANIE COLLINS,
    Defendants

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND REVERSAL OF THE COURT'S DISMISSAL OF THE CASE

Defendants oppose plaintiff's Motion for Reconsideration and Reversal of the Court's Dismissal of the case with prejudice pursuant to Fed. R. Civ. P., 59(e), or alternatively under Fed. R. Civ. P., 60 (b). (Dkt. # 110)  As grounds thereof, defendants state that plaintiff's Motion provides no factual or legal basis to support the extraordinary relief plaintiff is seeking.  As such, the Motion should be denied.

### PROCEDURAL HISTORY

Plaintiff's Complaint, filed on November 15, 2017, alleges violations of plaintiff's rights under Title II of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1973 ("FRA") and the Fourteenth Amendment. Compl., ¶ 7. At the time of filing, plaintiff, a gender nonconforming inmate who has been diagnosed with gender dysphoria ("GD"), was being held at MCI-Norfolk, a medium security prison for males.  Compl. ¶¶ 1, 10, 25.  The relief sought by plaintiff in her Complaint was 1) transfer to MCI-Framingham, the DOC's facility for female offenders; 2) prohibit male

correction officers from conducting her strip searches; (3) train MCI-Norfolk staff to communicate with her using female pronouns and her chosen nickname; 4) provide a separate time for showering apart from male inmates; and 5) provide access to healthcare such as mammograms. Compl., ¶ 71.

Plaintiff's first Motion for Injunctive Relief, filed on February 2, 2018, sought the following injunctive relief: (1) transfer Jane Doe to MCI-Framingham; (2) enjoin Defendants from using male correctional officers to conduct strip searches of Jane Doe, except in exigent circumstances; (3) enjoin Defendants from forcing Jane Doe to shower in the presence of men and with a shower curtain that does not adequately cover her; (4) enjoin Defendants from treating Jane Doe differently than other women held by the DOC; (5) train all staff on how to appropriately accommodate, treat and communicate with individuals with Gender Dysphoria within 60 days of this Order; (6) enjoin Defendants from using male pronouns when speaking to or about Jane Doe; (7) enjoin Defendants from referring to Jane Doe by her former male name (or any abbreviated version thereof); (8) refer to Jane Doe by her chosen female name; and (9) award such other and further relief as is just and proper. Defendants' filed an Opposition to plaintiff's Motion for a Preliminary Injunction, and filed a Motion to Dismiss.

On March 5, 2018, the Court reserved its decision on the defendants' Motion to Dismiss, and allowed, in part, plaintiff's Motion for a Preliminary Injunction. Specifically, the Court ordered that: 1) the defendants shall, consistent with staffing concerns and the collective bargaining agreements in place between prison administrators and corrections officers, utilize female correctional officers whenever feasible when

conducting strip searches of Jane Doe; 2) the defendants shall, absent exigent circumstances, continue to house Jane Doe in the individual cell in Unit 3-2 and shall continue to offer the separate shower time to Jane Doe that the parties agree is currently provided; 3) to the extent staffing needs allow, the defendants shall make available a separate correctional officer to ensure that male inmates do not enter the shower area during the period of time in which Jane Doe is showering.  Dkt. #59.  The Court denied plaintiff's request to be transferred to MCI-Framingham as premature.  Dkt. #59.

On July 13, 2018, plaintiff filed her Renewed Motion for a Preliminary Injunction and Report of the Parties.  Dkt. #81.  In her Motion, plaintiff "narrow[ed] the scope of immediate relief requested to include an Order requiring the DOC to transfer her to an appropriate women's correctional facility."  Dkt. #81.  The parties filed several Joint Motions for Extension of Time for defendants to reply to Plaintiff's Renewed Motion for a Preliminary Injunction and Report of the Parties in order for the Department of Correction ("Department") to review the GD Treatment Committee's recommendation that plaintiff be transferred to MCI-Framingham, pursuant to 103 CMR 562, *Identification, Treatment and Correctional Management of Inmates Diagnosed with Gender Dysphoria*.  Dkt., # 84, 86, 89, 92, 99.

On September 25, 2019, after having conducted a security review of the GD Treatment Committee's recommendation, the Department transferred plaintiff to MCI-Framingham.  On January 3, 2019, in response to another Joint Motion for and Extension of Time for defendants to reply to Plaintiff's Renewed Motion for a Preliminary Injunction, the Court entered the following Order:

> Because the circumstances have changed since Doe's filing of the Renewed Motion for a Preliminary Injunction, a Response to that Motion would no longer

be useful. The court, therefore, moots the Renewed Motion for Preliminary Injunction and denied Defendants' Motion for an Extension of Time. Instead, the court requests that the parties file a status report regarding what issues are outstanding no later than January 14, 2019. Thereafter, the Court will reinstate a briefing schedule. Dkt. # 101, 102.

The parties filed a joint status report as requested on January 14, 2019. Dkt. # 103. The Court requested an updated status report by March 11, 2019. Dkt. # 104.

On March 11, 2019, the parties filed a Joint Status Report with divergent reports of the status of the case, the details of which are noted in the report, but filed under seal. Dkt. # 106. However, in plaintiff's portion of the report, plaintiff made several conclusory allegations of discrimination and harassment by defendants at MCI-Framingham based on plaintiff's transgender status with no supporting articulable facts, and requested that the Court allow the parties to proceed with discovery. Dkt. # 107.

On March 17, 2019, the Court made the following Order:

> The sole remaining request in the Renewed Motion for Preliminary Injunction was for Doe to be "transfer[ed] to an appropriate women's facility." Dk. # 81 at 1. In September of 2018, the Department of Correction did just that, transferring Doe to MCI-Framingham. In the first Joint Status Report, the parties acknowledged that Doe's request "is not moot." Dkt. # 103 at 2. However, Doe now seeks to inject new claims that were never previously raised in this lengthy litigation. *See* Dkt., # 107. Accordingly, the court denies Doe's request to proceed with discovery. The clerk will close the case. Dkt. # 108.

On March 15, 2019, the case was dismissed with prejudice. Dkt. # 109. Plaintiff now seeks a reversal of that dismissal. Dkt. # 110. Defendants oppose plaintiffs' Motion.

## ARGUMENT

1. **Standard Of Review**

Plaintiff brings her Motion pursuant to Fed. R. Civ. P., 59(e) or, alternatively, under Fed. R. Civ. P., 60 (b). Dkt. #110. Under Rule 59(e), plaintiff must demonstrate

that the dismissal is against the law, against the weight of the credible evidence, or tantamount to a miscarriage of justice. Casillas–Díaz v. Palau, 463 F.3d 77, 81 (1st Cir.2006). Rule 59(e) relief is granted sparingly, and only when "the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations," which plaintiff has failed to demonstrate. Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir.2007).

In the alternative, plaintiff seeks a reversal of the Court's dismissal pursuant to Fed. R. Civ. P., 60(b), which states:

> Grounds for Relief from a Final Judgment, Order, or Proceeding: On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

With regard to any ground under Rule 60(b), it is similarly well established that "[b]ecause Rule 60(b) is a vehicle for extraordinary relief, motions invoking the rule should be granted only under exceptional circumstances." Davila-Alvarez v. Escuela de Medicina, 257 F.3d 58, 63-4 (1st Cir. 2001) (internal citations and quotations omitted). The party seeking relief under Rule 60(b) bears the burden of showing that he or she is entitled to relief. *Jarvis v. Parker,* 13 F.Supp.3d 74, 77 (D.D.C.2014) (citing *Norris v. Salazar,* 277 F.R.D. 22, 25 (D.D.C.2011)).

Plaintiff does not identify in her motion the specific grounds upon which she relies in seeking relief pursuant to Rule 60(b). As such, her motion should be denied for this reason alone. *Sanchez v. Fischer*, 2012 WL 6019096 (2012).

However, if the Court is not inclined to dismiss plaintiff's Motion for failing to specify the grounds upon which she relies in seeking relief pursuant to Rule 60(b), plaintiff's Motion still must be denied. Plaintiff does not argue mistake, inadvertence, or excusable neglect on plaintiff's part, as required under Rule 60(b)(1). *Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392 (1993). Plaintiff's expressed surprise at the Court's dismissal of her case clearly fails to qualify as "surprise" under Rule 60(b)(1).

Similarly, plaintiff fails to argue any facts that suggest there is newly discovered evidence which, by due diligence, could not have been discovered previously by plaintiff, as plaintiff's motion concerns very general and conclusory allegations which she alleges took place after plaintiff was transferred to MCI-Framingham, and not at the time of the allegations contained in her Complaint. Dkt. #110. These conclusory allegations are not newly discovered evidence, but new claims, as the Court notes in its dismissal. Dkt. #109. *See Lepore v. Vidockler,* 792 F.2d 272, 274 (1st Cir.1986).

Plaintiff also fails to argue sufficient facts to support an argument based on fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party, pursuant to Fed. R. Civ. P., 60(b)(3). Furthermore, plaintiff makes no claim that the judgment is void, pursuant to Fed. R. Civ. P. 60(b)(4). Plaintiff fails to make any argument that the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise

vacated, or it is no longer equitable that the judgment should have prospective application, pursuant to Fed. R. Civ. P. 60(b)(5).

Finally, plaintiff fails to support any argument that the Court's dismissal of the matter should be reversed pursuant to Rule 60(b)(6). The purpose of Rule 60(b)(6), as interpreted by the Supreme Court, is to "enable (courts) to vacate judgments whenever such action is appropriate to accomplish justice." *United States v. Klapprott*, 335 U.S. 601 (1949). The Supreme Court has admonished that this provision is to be applied only in "exceptional circumstances." *Ackermann v. United States*, 340 U.S. 193 (1950), and the Court noted that it was meant to provide for situations of extreme hardship. *United States v. Karahalias*, 205 F.2d 331 (2d Cir. 1953). Plaintiff has failed to demonstrate that the Court's dismissal of her case is the type of exceptional circumstance contemplated by Rule 60(b)(6), as plaintiff has already received all of the relief she has sought, and, therefore, cannot demonstrate an extreme hardship as required under the rule. As such, plaintiff's Motion should be denied.

**2.     The Court's Dismissal Of The Case With Prejudice Was Appropriate Where All Of The Relief Sought By Plaintiff In Her Complaint And Renewed Motion For A Preliminary Injunction Became Moot.**

The Court's dismissal of the instant matter with prejudice was appropriate, as the only remaining request in plaintiff's renewed Motion for a Preliminary Injunction, that she be transferred to MCI-Framingham, became moot when the Department transferred plaintiff to the female facility on September 25, 2018. In fact, all of the relief requested by plaintiff in her Complaint has been provided by defendants upon plaintiff's transfer to MCI-Framingham. (Dkt. 1, ¶ 71; B, 1-9). Plaintiff provides no facts to suggest otherwise.

In addition, plaintiff provides no specific facts concerning claims she alleges remain.  Plaintiff's conclusory allegations that, while housed at the female facility, she is being harassed and discriminated against by defendants, and is being excluded from programming, all because of her transgender status, have no factual basis whatsoever.  The fact that plaintiff has received two disciplinary reports since being transferred to MCI-Framingham, one of which she pled guilty to, hardly supports her claims of discrimination and harassment, let alone discrimination and harassment based on her transgender status.   Plaintiff's assertion that her remaining claims include "being targeted for exclusion from programs and activities because of her disability and transgender status and facing unequal treatment by correction officers" is also not supported by any specific facts.   Dkt. #110.

Finally, the fact that the Court's dismissal of plaintiff's Complaint was not prompted by any Motion made by defendants is completely irrelevant to the appropriateness of the Court's action.  Clearly, the Court is able to dismiss the matter on its own, and plaintiff cannot argue otherwise.  As such, the dismissal with prejudice by the Court was appropriate and should not be reversed.

Because plaintiff has failed to establish any viable factual or legal support for her request for such extraordinary relief pursuant to Rule 59(e) or Rule 60(b), defendants request plaintiff's Motion be **denied.**  Defendants further oppose plaintiff's request for oral argument on her Motion, as the issues can easily be determined by the Court on the papers.


Dated: April 1, 2019			Respectfully Submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

/s/ Jennifer M. Staples
Jennifer M. Staples
BBO No. 631399
Department of Correction Legal Division
70 Franklin Street, Suite 600
Boston, Massachusetts 02110
(617) 727-3300, Ext. 1144
Jennifer.Staples@doc.state.ma.us

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: April 1, 2019

                                                /s/Jennifer M. Staples