# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>MASSACHUSETTS DEPARTMENT OF CORRECTION; THOMAS A. TURCO III; SEAN MEDEIROS; JAMES M. O'GARA JR.; and STEPHANIE COLLINS,<br><br>    Defendants. | Civil Action No. 17-12255-RGS<br><br>**Oral Argument Requested** |

**PLAINTIFF'S [PROPOSED] REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION AND REVERSAL OF THE COURT'S
DISMISSAL OF THIS CASE**

The Defendants' opposition fails to respond to the primary point of Ms. Doe's motion, which is that Ms. Doe's complaint is not limited to obtaining relief from Ms. Doe's incarceration in the men's prison in Norfolk, or simply to obtain relief from the treatment she received there. Rather, Ms. Doe seeks complete relief from the discrimination she faces as a transgender woman who has been diagnosed with gender dysphoria, while in the custody of the Department of Corrections ("DOC"), including specifically that she be treated like other women prisoners.  Put another way, the case did not end when she was transferred to MCI-Framingham, since Ms. Doe still experiences at MCI-Framingham discrimination on the basis of her transgender status and her disability.  Specifically, Ms. Doe's Complaint asks the Court to "order Defendants not to discriminate against Jane Doe on the basis of her transgender status, her gender identity, her sex, and/or her disability," and "[t]reat Jane Doe the same as other women held by the DOC." Complaint (D.I. 1 at 22 (Prayer for Relief)).  Ms. Doe's claims were not fully cured by Ms.

Doe's transfer to MCI-Framingham. This case is not and never was just about *where* she is incarcerated; it is also about how she is treated while in DOC custody, wherever she is housed.

Defendants now claim this case was properly dismissed, even though they never once moved for dismissal or argued to this Court that the case was moot or should be dismissed because of Ms. Doe's transfer. In both the January 14, 2019 Status Report (D.I. 103), and the March 11, 2019 Status Report (D.I. 107), Ms. Doe stated facts to support a claim that Defendants' discrimination against her persisted beyond her transfer. Those facts could not have been included in the original complaint, since the discrimination that occurred at Framingham, by definition, did not occur until after her transfer.[1] Nor need they have been included in the Complaint in order to fall within the scope of Ms. Doe's claims, since the Complaint sought specific relief that would protect her against improper discriminatory treatment regardless of where she is incarcerated. *See* Complaint, D.I. 1 at 22-23.

Defendants' opposition also ignores First Circuit case law holding that, although *sua sponte* dismissal by the Court may be permissible in "limited circumstances," "such dismissals are erroneous unless the parties have been afforded notice and an opportunity to amend the complaint or otherwise respond." *Chute v. Walker*, 281 F.3d 314, 319-320 (1st Cir. 2002) (noting that the counts at issue "were dismissed *sua sponte* and without any notice or opportunity for him to be heard . . . so he was caught by surprise.").[2] Here, Ms. Doe was given neither notice

---

[1] Defendants non-sensically argue at p. 6 (D.I. 111) that "plaintiff fails to argue any facts that suggest there is newly discovered evidence which, by due diligence, could not have been discovered previously by plaintiff, as plaintiff's motion concerns very general and conclusory allegations which she alleges took place after plaintiff was transferred to MCI-Framingham, and not at the time of the allegations contained in her Complaint." Of course, Ms. Doe could not have made those post-transfer allegations in the original Complaint filed months earlier, but instead timely raised them in the status reports to the Court shortly after they occurred.
[2] *See also Garaylde-Rijos v. Municipality of Carolina,* 747 F.3d 15, 22-23 (1st Cir. 2014) (citing and applying *Chute* to overturn a district court's *sua sponte* dismissal with no notice and no

2

of potential dismissal, nor an opportunity to amend the facts in the complaint to add the discriminatory events at MCI-Framingham, although Ms. Doe did include them in the status reports.  The two Rule 59 cases cited by Defendants (D.I. 111 at 5) are not on point.  *Casillas-Diaz v. Palua*, 463 F.3d 77, 81 (1st Cir. 2006), involved a case that went to trial where defendants were found liable; the Rule 59 motion in that case to set aside the jury's verdict was denied after trial, not *sua sponte* in mid-case without notice.  *Global Naps v. Verizon*, 489 F.3d 13, 25 (1st Cir. 2007), involved a motion for reconsideration of a motion that one party had filed and the court had ruled against.  Here, there was no motion filed by Defendants for dismissal.

Nor do Defendants' Rule 60 cases apply to the case here.  Defendants cite no case in which a party's case was dismissed *sua sponte*, without prior notice or an opportunity to amend, much less a case in which the defendants' motion to dismiss the claims had already previously been denied, as in this case.  *Sanchez v. Fischer*, 2012 WL 6019096 (N.D.N.Y. Dec. 3, 2012), is not on point because the *pro se* plaintiff's original complaint was dismissed and not appealed to the Second Circuit, and the District Court found on a Rule 60(b) motion that the plaintiff's request for relief from judgment should be denied, stating that plaintiff's arguments did "not afford a proper ground for finding that the judgment is void," *id.* at *2, and a Rule 60(b) motion is "not a substitute for an appeal."  Footnote 1 notes also that the "plaintiff 'has already been afforded the opportunity to amend the claim in question ….'"  *Id.*

Defendants then spend almost three pages on Rule 60 case law that is simply not analogous in any way with the facts of this case.  Defendants also make the plainly incorrect

---

opportunity to amend); *Futura Dev. of P.R., Inc. v. Estado Libre Asociado de P.R.*, 144 F.3d 7, 13-14 (1st Cir. 1998) (overturning the district court's *sua sponte* dismissal of certain claims because the dismissal was without notice or an opportunity to respond).

3

assertion that this is not a case suitable for Rule 60(b)(6) relief because "plaintiff has already received all of the relief she has sought," D.I. 111 at 7, when in fact she clearly has not.

To the contrary, in Ms. Doe's original complaint, she pleaded causes of action seeking to end discrimination against her based, *inter alia*, on her disability (gender dysphoria) and her gender, and she sought broad relief on multiple grounds – not just in the form of a transfer to a women's prison – *but also in precluding the Defendants from discriminating unlawfully against her based on her disability and her gender, in any way, regardless of where she was incarcerated, in the future.* Not only that, but Ms. Doe gave notice to the Court in the joint status reports of new evidence that she continued to suffer from discrimination based on her transgender status and disability even at MCI-Framingham. Thus, this continuing discrimination was an issue known to the parties in this case and disclosed to the Court in the January status report. The Defendants disputed the facts but did not move to preclude the facts from consideration in the case.

For all these reasons, and the reasons stated previously in the Motion, Ms. Doe respectfully asks the Court to reconsider and vacate its orders of March 14th and 15th and reinstate this case, so that her full claims may be addressed and considered.

Dated:  April 3, 2019

        Respectfully submitted,

        Jane Doe

        By her attorneys,

        /s/ J. Anthony Downs
        J. Anthony Downs (BBO# 552839)
        Tiffiney F. Carney (*pro hac vice*)
        Louis L. Lobel (BBO# 693292)
        Ashley M. Drake (BBO# 694731)

                      GOODWIN PROCTER LLP
                      100 Northern Avenue
                      Boston, Massachusetts 02210
                      Tel.: +1 617 570 1000
                      E-mail: jdowns@goodwinlaw.com
                      tcarney@goodwinlaw.com
                      llobel@goodwinlaw.com
                      amoore@goodwinlaw.com

                      Jennifer Levi (BBO# 562298)
                      Bennett Klein (BBO# 550702)
                      GLBTQ Legal Advocates & Defenders
                      30 Winter Street, STE 800
                      Boston, Massachusetts 02108
                      Tel.: +1 617 426 1350
                      Email: jlevi@glad.org
                      bklein@glad.org

                      Elizabeth Matos (BBO# 671505)
                      Prisoners' Legal Services
                      50 Federal Street, 4th Floor
                      Boston, MA 02110
                      Tel.: +1 617 482 6383
                      E-mail: lmatos@plsma.org

Dated: April 3, 2019