UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE,<br>    Plaintiff<br><br>v.<br><br>MASSACHUSETTS DEPARTMENT<br>OF CORRECTION, et al.,<br>    Defendants. | Civil Action No. 17-12255-RGS |

## AFFIDAVIT OF JENNIFER LEVI

I, Jennifer Levi, under the penalties of perjury, declare as follows:

1. I am one of the attorneys for the plaintiff Jane Doe in this case and make this affidavit in support of her application for attorneys' fees and costs in this action.

2. I am currently the Director of the Transgender Rights Project at GLBTQ Legal Advocates and Defenders (GLAD). I have been employed as an attorney at GLAD since 1998 where I have worked on a range of litigation, legislative, and policy issues affecting the rights of LGBT people with a special focus on the legal rights of transgender people.

3. I have been involved in this case since its inception. I have had a lead role in the development of the legal arguments and briefing for Ms. Doe, which involved questions of first impression in this Court and the First Circuit. I argued plaintiff's motion for preliminary injunction and the opposition to defendant's motion to dismiss before this Court on February 28, 2018.

## QUALIFICATIONS OF COUNSEL

4. I am a 1985 graduate of Wellesley college and a 1992 graduate of the University of Chicago Law School. I have practiced law continuously since being admitted to the Illinois Bar

in 1992 (currently inactive status) and the Massachusetts Bar in 1993. I have also been admitted to practice in the following jurisdictions: United States District Court for the Northern District of Illinois (1994); United States District Court for the District of Massachusetts (1999); United States Court of Appeals for the First Circuit (2000); United States Tax Court (2006); the United States Supreme Court (2015); and the United States Court of Appeals for the District of Columbia (2017).

5. After law school, I clerked for the Honorable Michael Boudin at the U.S. Court of Appeals for the First Circuit (1992-1993). Prior to joining GLAD in 1998, I was an associate at Skadden, Arps, Slate, Meagher and Flom (Chicago, 1993-1995); an associate at Matkov, Salzman, Madoff and Gunn (Chicago, 1995-1996); and a Visiting Professor at Chicago-Kent College School of Law (1996-1998).

6. In my over 20 years at GLAD, I have litigated numerous cases in federal and state trial and appellate courts. All these cases have involved novel questions of constitutional and/or statutory law facing LGBT people. These cases include: Rosa v. Park W. Bank & Trust Co., 214 F.3d 213 (1st Cir. 2000) (sex and perceived sexual orientation discrimination case involving lending and public accommodation); Doe v. Yunits, 15 Mass. L. Rep. 278 (2001) (school unlawfully refused to permit transgender student to dress in female clothing); Gay & Lesbian Advocates & Defenders v. AG, 436 Mass. 132 (2002) (challenge to Massachusetts sodomy laws); Connors v. City of Boston, 430 Mass. 31 (1999) (represented intervenors in challenge to City of Boston's Executive Order extending health insurance benefits to domestic partners for city employees); O'Donnabhain v. Commissioner, 134 T.C. 34 (2010) (medical care related to gender transition qualifies for a medical tax deduction); Adams v. Federal Bur. of Prisons, 716 F. Supp. 2d 107 (D. Mass. 2010) (successful challenge to a federal prison policy excluding medical

care for transgender inmates who came into the system without a transition-related medical plan); Doe v. Reg'l Sch. Unit 26, 2014 ME 11, 86 A.3d 600 (first decision of highest state court in the country establishing right of transgender student to use restroom consistent with one's gender identity); and Blatt v. Cabela's Retail, Inc., No. 5:14-cv-04822, 2017 U.S. Dist. LEXIS 75665 (E.D. Pa. May 18, 2017) (amicus brief and consultation on first case ruling that a transgender person may bring a claim under the Americans with Disabilities Act). I am currently lead counsel in two cases challenging the ban of transgender people from military service, arguing one of the cases before the Court of Appeals for the D.C. Circuit: Stockman v. Trump, United States District Court for the Central District of California, No. 5:17-cv-01799-JGB-KKx; and Doe v. Shanahan, United States District Court for the District of Columbia, No. 17-cv-1597 (CKK).

      7. I have written extensively on the legal rights of transgender people, including on coverage of transgender people under the Americans with Disabilities Act, one of the central issues in this case. See, e.g. Transgender Family Law: A Guide to Effective Advocacy (Jennifer Levi & Elizabeth Monnin-Browder eds., 2012); Jennifer L. Levi & Bennett H. Klein, Pursuing Protection for Transgender People Through Disability Laws, in Transgender Rights 74 (Paisley Currah et al. eds., 2006); Jennifer Levi & Daniel Redman, The Cross-Dressing Case for Bathroom Equality, 34 Seattle U. L. Rev. 133 (2010); Jennifer Levi, Marriage Equality for Same-Sex Couples: Where We Are and Where We Are Going, 22 J. Am. Acad. Matrim. Law 55 (2009); Jennifer Levi, Misapplying Equality Theories: Dress Codes at Work, 19 Yale J.L. & Feminism 353 (2008); Kevin M. Barry et al., A Bare Desire to Harm: Transgender People and the Equal Protection Clause, 57 B.C. L. Rev. 507 (2016); Kevin M. Barry & Jennifer L. Levi, Contemporary Issues in Disability Rights Law: The Future of Disability Rights Protections

3

for Transgender People, 35 Touro L. Rev. 25 (2019); and Kevin Barry & Jennifer Levi, Blatt v. Cabela's Retail, Inc. and a New Path for Transgender Rights, 127 Yale L.J. F. 373 (2017).

**TIME RECORDS AND DOCUMENTATION**

8. I kept contemporaneous time records in this case. Attached as Exhibit A is an itemization of my time in this case culled from those records.

9. I have exercised billing judgment by including time only for significant periods of work on legal research, writing, and oral argument. I have not included time for phone calls, most emails, conferences with co-counsel, communication with opposing counsel, travel to and from corrections facilities where the Plaintiff has been housed, or meeting time with the Plaintiff. In addition, I have rounded down all increments of time spent to the lower hour or half-hour increment.

10. My work on this case was done for GLAD, a nonprofit public interest legal organization dedicated to ending discrimination against LGBT people and people living with HIV. The amount awarded by the Court will be paid to GLAD and used to provide legal representation to other individuals. In a further exercise of billing judgment and to ensure that none of my time is duplicative, GLAD is not seeking any fees for Bennett Klein, another GLAD attorney with an appearance in this case who spent significant time on this case, including many hours on research, drafting, meeting with the client and opposing counsel, communicating with experts, and preparation for argument.

11. I believe that a reasonable hourly rate for my legal work is $600 per hour based on my 27 years of litigation experience and my over 20 years litigating cases concerning the rights of transgender people. This rate takes into account the current prevailing rates in the Boston areas for attorneys; many attorneys with my level of experience bill at higher rates.

12. As support for this requested rate, I refer to the documents supporting the rates requested by Goodwin Proctor LLP and to the attached Affidavit of Matthew Miller. See **Exhibit B**.

13. The records I am submitting in support of the fee petition show that I recorded a total of 159 hours working on this case. The actual work I did on it is in far excess of that amount. In addition, I have not included any time spent on preparing my parts of the fee application.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 10th DAY OF MAY, 2019

_____
Jennifer Levi