UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE,<br>    Plaintiff<br><br>v.<br><br>MASSACHUSETTS DEPARTMENT<br>OF CORRECTION, et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No. 17-12255-RGS<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF ELIZABETH MATOS

I, Elizabeth Matos, under the penalties of perjury, declare as follows:

1. I am one of the attorneys for the plaintiff Jane Doe in this case and make this affidavit in support of her application for attorneys' fees and costs in this action.

2. I am currently the Executive Director of Prisoners' Legal Services of MA. I have been employed at PLS since 2011, first as a staff attorney, during which I have worked on a range of litigation, legislative, and policy issues affecting the rights of incarcerated people in Massachusetts. Prior to working at PLS, I was a Staff Attorney at South Coastal Counties Legal Services for four years where I litigated cases and advocated on behalf of low income people including those impacted by the foreclosure crisis, students with special education needs, clients with disabilities, and immigrants who qualified for various immigration benefits including political asylum and Temporary Protected Status.

3. I have been involved in this case since its inception. I have been fully engaged in the development of the legal arguments and briefing for Ms. Doe, which involved questions of first impression in this Court and the First Circuit. The Plaintiff was a

1

client of our office and I have had significant contact with her, her family members and those responsible for her care and custody in the Department of Correction. Our expertise in the area of corrections was instrumental to the case.

## QUALIFICATIONS OF COUNSEL

4. I am a 1999 graduate of Brown University and a 2007 graduate of Georgetown University Law Center. I have practiced law continuously since being admitted to the Massachusetts Bar in 2008. I was also admitted to practice in the United States District Court for the District of Massachusetts in 2012.

5. In my over 11 years of practicing law, I have litigated cases in federal and state trial and appellate courts on immigration matters, access to appropriate special education services, post-foreclosure eviction defense, prison classification matters, access to reasonable accommodations under the ADA for deaf and hard of hearing prisoners, the placement in long- term solitary confinement of people with serious mental illness, and the high cost of prison phone rates.

6. Prior to law school I worked as a paralegal in immigration firms for two years, was the Director of Undocumented Immigrant Rights at the Massachusetts Immigrant and Refugee Advocacy Coalition, and spent one year as a Fulbright Scholar in Mozambique, Africa.

7. One of my colleagues who also worked on this case is Joel Thompson. Joel is the Managing Attorney at the Prison Legal Assistance Project, a clinic at Harvard Law School. He was a Staff Attorney at PLS from January 2005 to November 2018. He is a 1994 graduate of Middlebury College and a 1997 graduate of Harvard Law School. He is admitted to the bars of Massachusetts, Maine, Vermont, and Connecticut, as well as the

First and Second Circuit Courts of Appeal, and the United States District Courts for the District of Massachusetts, Maine, Vermont, and Connecticut. After clerking for the District of Vermont, Mr. Thompson practiced civil and criminal litigation in state and federal courts for six years before arriving at PLS. At PLS, Mr. Thompson litigated civil rights cases for prisoners in state and federal courts, ranging from individual tort claims to class actions seeking systemic relief.

8.  Kate Piper is a PLS paralegal who worked on this case from its inception. She graduated in 2005 from Wesleyan University, and has worked at PLS full-time as a paralegal since November 2016.

## TIME RECORDS AND DOCUMENTATION

9.  Myself, Attorney Thompson and Ms. Piper kept contemporaneous time records in this case. Attached as Exhibit A - C is an itemization of our reduced spent on this case for the period between July 2017 and December 31, 2018. Although we are limiting our time records to this period, we began preparation of this case many months prior to July 2017 and the case was not closed until March of 2019.

10. I have exercised billing judgment by excluding time spent on legal research and e- mail correspondence, many hours of travel time to and from the correctional facilities where the Plaintiff was housed, and all internal meetings with the PLS litigation team on this case. I have reduced Mr. Thompson's hours expended on this case significantly by removing all time spent on correspondence, litigation team meetings and conference calls, and travel to and from visits with the Plaintiff. Ms. Piper's hours have similarly been cut by more than two-thirds. She performed the lion's share of the work in corresponding with the Plaintiff, communicating through phone calls with the Plaintiff and

the Plaintiff s family members, which was significant given that the Plaintiff is incarcerated, and visiting with the client. She was also invaluable at team meetings due to her detailed knowledge of the Plaintiff s medical and correctional records and her history of advocating for the Plaintiff. She has further reduced her rate for all itemized administrative support tasks performed.

11. Our work on this case was done for PLS, a nonprofit public interest legal aid organization committed to defending the civil and human rights of the incarcerated population in Massachusetts. The amount awarded by the Court will be paid to PLS and used to provide advocacy and legal representation to other individuals.

12. The rate I am billing at as an 11 year barred attorney is $300 per hour.[1] As you will note, this rate is significantly below the market rate of what Boston attorneys with my level of experience charge for litigation work. Similarly, Attorney Joel Thompson is billing at a rate of $350 and Kate Piper is billing at $125 per hour for legal work performed in the case.

13. PLS records show a total of 145.9 reduced hours working on this case. See "Exhibit A" through "Exhibit C." I have not included any time spent on preparing my parts of the fee application.

---

[1] The rates are based on the MLRI fee rate scale for Massachusetts Legal Services attorneys.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 6th DAY OF MAY, 2019

*[signature]*
Elizabeth Matos

4