UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-12255-RGS

JANE DOE

v.

MASSACHUSETTS DEPARTMENT OF CORRECTION, et al.

MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND EXPENSES

July 8, 2019

STEARNS, D.J.

Jane Doe moves pursuant to 42 U.S.C. § 1988 and Rule 54 of the Federal Rules of Civil Procedure for the court to award her $228,408 in attorneys' fees and $11,740.94 in litigation expenses.[1] Under Section 1988, "a prevailing party in a civil rights suit is entitled to reasonable attorneys' fees 'unless special circumstances would render such an award unjust.'" *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008), quoting

---

[1] More specifically, the attorneys' fees consist of $95,400 for Jennifer Levi, Director of the Transgender Rights Project at GLBTQ Legal Advocates and Defenders (GLAD); $30,445.50 for Elizabeth Matos, Executive Director of Prisoners' Legal Services of Massachusetts (PLS), Joel Thompson, Managing Attorney at the Prison Legal Assistance Project at Harvard Law School, and PLS paralegal Kate Piper; and $102,562.50 for Goodwin Procter LLP partner Anthony Downs and associates Louis Lobel and Ashley Drake. The litigation expenses consist of the cost of two expert affidavits prepared by Dr. Randi Ettner ($8,680.94) and James Aiken ($3,060).

*Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). "Section 1988 requires a two-part inquiry: (1) whether the plaintiff is a prevailing party, and (2) if the plaintiff is a prevailing party, what constitutes a reasonable fee award." *Boston's Children First v. City of Bos.*, 395 F.3d 10, 14 (1st Cir. 2005).

Doe argues that she is a prevailing party because, as the court noted, "all of the relief Doe sought in her Renewed Motion for Preliminary Injunction has been provided, including the principal request to be transferred to a women's prison." Dkt # 115. However, the Department of Correction (DOC) contends, and the court agrees, that Doe is a *partially* prevailing party because she only succeeded on March 5, 2018 when the court granted in part her original Motion for Preliminary Injunction.[2]

"To qualify as a prevailing party, a litigant must show that a material alteration of the parties' legal relationship has taken place as a result of the litigation." *Hutchinson ex rel. Julien v. Patrick*, 636 F.3d 1, 8 (1st Cir. 2011). A litigant must also show a "judicial *imprimatur* on the change," that is, (1) that she has "received a judgment on the merits" or (2) that she has "obtained a court-ordered consent decree." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001). Here,

---

[2] The court ordered that of Doe's nine requests, the DOC, where feasible, (1) arrange for appropriate strip searches, (2) continue to house her in an individual cell, and (3) ensure private showering. Dkt # 59.

Doe only prevailed on the merits in her initial Motion for Preliminary Injunction, when the court granted three of her nine requests. While Doe ultimately received the remaining relief she sought, including a transfer to MCI-Framingham, the court was not involved.[3] *See id.* ("A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change."); *Castañeda-Castillo v. Holder*, 723 F.3d 48, 57 (1st Cir. 2013) ("A party's mere success in accomplishing its objectives . . . is insufficient to confer it prevailing party status.").

The DOC also contends that Doe's fee request is unreasonable and should be significantly reduced. "A reasonable fee typically is determined through the lodestar method, which involves multiplying the number of hours productively spent by a reasonable hourly rate to calculate a base figure." *Torres-Rivera*, 524 F.3d at 336. "In implementing this lodestar approach, the judge calculates the time counsel spent on the case, subtracts duplicative, unproductive, or excessive hours, and then applies prevailing rates in the community (taking into account the qualifications, experience,

---

[3] Massachusetts also passed the Criminal Justice Reform Act, requiring that prisoners be "housed in a correctional facility with inmates with the same gender identity." Mass. Gen. Laws ch. 127, § 32A. But as Doe points out, the law was not effective until December 31, 2018, three months after the DOC transferred Doe (on September 25, 2018).

and specialized competence of the attorneys involved)." *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 295 (1st Cir. 2001).

The court starts by reducing the total attorneys' fees to those incurred prior to the court's March 5, 2018 order, when Doe partially prevailed. The court also finds that some of Doe's billing for the Preliminary Injunction hearing held on February 28, 2018 is duplicative. *See Hart v. Bourque*, 798 F.2d 519, 523 (1st Cir. 1986) ("Further duplication of effort is observable by dual attendance at motion hearings, no matter how inconsequential."). Since only Levi advocated for Doe at the hearing, the court will remove other counsels' billing for their attendance.[4]

Turning to the fees themselves, the court finds reasonable Goodwin's hourly rates of $475 for partner Downs and $250 for associates Lobel and Drake.[5] *See Tuli v. Brigham & Women's Hosp., Inc.*, 2009 WL 10693567, at *2 (D. Mass. June 8, 2009) (finding rates of up to $735 for partners and $495

---

[4] Specifically, the court discards the following hours: 3 for Downs, 2.5 for Drake and Matos, .7 for Piper, and 1.2 for Thompson. The court also reduces Lobel's hours billed for the hearing by 2.5.

[5] These are reduced hourly rates, as Downs typically bills clients over $1,00o per hour, while Lobel and Drake bill $590. Goodwin also avers that it pared down the hours to focus on its work done on core matters.

for associates reasonable).[6]  The court also finds PLS's hourly rates of up to $350 reasonable.  However, the court does not find Levi's hourly rate of $600 reasonable for a nonprofit attorney billing in these circumstances and, therefore, reduces her hourly rate to $350, in line with PLS's rate.  *See Giorgio v. Duxbury*, 2016 WL 3983232, at *2 (D. Mass. July 25, 2016) ("[T]he rate for counsel is determined by reference to the rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'"), quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  The court, in turn, awards Doe one third of the total attorneys' fee because she successfully obtained relief on three out of her nine requests in her original Motion for Preliminary Injunction.  *See Hensley*, 461 U.S. at 436-437 ("The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for

---

[6] The DOC argues that the hourly rates should be capped at 150% of court-appointed counsel's rate pursuant to the Prison Litigation Reform Act (PLRA).  However, because Doe obtained partial relief under other statutes, including the Americans with Disabilities Act (ADA), the PLRA cap does not apply.  *See Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 808 (9th Cir. 2018) ("[T]he PLRA attorney's fees cap does not apply even to federal law claims for which attorney's fees *are* available under 42 U.S.C. § 1988, as long as those claims are brought under statutes with their own attorney's fee provisions") (emphasis in original); *Beckford v. Irvin*, 60 F. Supp. 2d 85, 88 (W.D.N.Y. 1999) ("The PLRA does not limit the award of attorney's fees to a prevailing plaintiff whose award is authorized under a statute separate from § 1988.").

the limited success."); *Diaz-Rivera v. Rivera-Rodriguez*, 377 F.3d 119, 121-122 (1st Cir. 2004) (affirming the district court's reduction of fees by one third to account for the plaintiff's limited success).

As to the litigation expenses, the court finds that the fees for the two experts are reasonable, especially given that their testimony was used to support Doe's original Motion for Preliminary Injunction. The DOC argues that Doe is barred from being awarded expert fees under Section 1988 because she is not "enforc[ing] a provision of section 1981 or 1981a." 42 U.S.C. § 1988. The court disagrees that expert fees are unavailable. *See Pitochelli v. Town of Johnston*, 996 F.2d 1209 (1st Cir. 1993) (Table) ("In an action to enforce civil rights, the prevailing party may recover attorney's and expert fees."), citing 42 U.S.C. § 1988. And although Doe brings this motion under Section 1988, Doe raised several claims including one under the ADA, which authorizes reasonable expert fees. *See* 42 U.S.C. § 12205 (allowing "a reasonable attorney's fee, including litigation expenses, and costs"); *Norkunas v. HPT Cambridge, LLC*, 969 F. Supp. 2d 184, 200 (D. Mass. 2013) ("Where expert witness fees are deemed reasonable litigation expenses, they may be reimbursed."), citing 42 U.S.C. § 12205.

The Table below incorporates the revised hourly rate for Levi and the reduced hours, as detailed above. The court, therefore, awards Doe $46,297.50 in attorneys' fees and $11,740.94 in litigation expenses.

| | Total Hours | (Revised) Hourly Rate | Total Fees |
|---|---|---|---|
| Anthony Downs (Goodwin) | 55.2 | $475 | $26,220 |
| Louis Lobel (Goodwin) | 124.1 | $250 | $31,025 |
| Ashley Drake (Goodwin) | 54.4 | $250 | $13,600 |
| Jennifer Levi (GLAD) | 131.5 | $350 | $46,025 |
| Elizabeth Matos (PLS) | 22.3 | $300 | $6,690 |
| Joel Thompson (PLS) | 24.7 | $350 | $8,645 |
| Kate Piper (PLS) | 53.5[7] | $125 | $6,687.50 |
| | | **Total** | $138,892.50 |
| | | **1/3 of Total** | $46,297.50 |

## ORDER

For the foregoing reasons, Doe's motion for attorneys' fees is <u>ALLOWED in part</u>. The Clerk will award Doe to $58,038.44 in attorneys' fees and litigation expenses.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[7] This calculation includes a reduction of .4 hours as indicated in the Reply. *See* Dkt # 128 at 9 n.3.